In the Matter of OCEAN BEACH FERRY CORPORATION, Appellant, against INCORPORATED VILLAGE OF OCEAN BEACH et al., Respondents.

Argued May 20, 1948; decided June 11, 1948.

*Milton Pinkus* and *Morris Rochman* for appellant.  I. The County Court alone has statutory authority to grant a ferry franchise.  The attempted exercise of such jurisdiction by the board of trustees of Ocean Beach is a nullity.  (*Mayor* v. *Starin,* 106 N. Y. 1; *Power* v. *Village of Athens,* 99 N. Y. 592; *People* v.

New York & S. I. Ferry Co., 68, N. Y. 71; Holmes Elec. Protective Co. v. Armstrong, 97 Misc. 184; Matter of City of New York [Piers Old Nos. 8–11], 228 N. Y. 140; Benson v. Mayor, 10 Barb. 223; Matter of Pierce, 185 App. Div. 212; American Dock Co. v. City of New York, 174 Misc. 813, 261 App. Div. 1063, 286 N. Y. 658; Village of Fleischmanns v. Hyman, 164 Misc. 175; Milhau v. Sharp, 27 N. Y. 611.) II. The board of trustees has attempted to deprive appellant of its ferry franchise by denying it the right to land its vessels at the municipal dock or elsewhere along the village water front. The board has exceeded its powers and jurisdiction. (Commissioners of Pilots v. Clark, 33 N. Y. 251; Harper v. Williams, 110 N. Y. 260; Thousand Island Steamboat Co. v. Visger, 179 N. Y. 206; People ex rel. Swan v. Doxsee, 136 App. Div. 400, 198 N. Y. 605; American Dock Co. v. City of New York, 174 Misc. 813, 261 App. Div. 1063, 286 N. Y. 658; Reid v. City of Fulton, 181 Misc. 711, 269 App. Div. 894; Waterloo Water Co. v. Village of Waterloo, 200 App. Div. 718; Beekman v. Third Ave. R. R. Co., 153 N. Y. 144; Knickerbocker Ice Co. v. 42d St. R. R. Co., 39 Misc. 27, 85 App. Div. 530, 176 N. Y. 408; Hesse v. Rath, 249 N. Y. 436; Mills v. Fremd, 213 App. Div. 742; Farrell v. City of Syracuse, 137 Misc. 472.)

LeRoy B. Iserman for Village of Ocean Beach and others, respondents. I. Appellant is not entitled to relief under article 78 of the Civil Practice Act and is not a proper party complainant. (Matter of Dictaphone Corp. v. O'Leary, 262 App. Div. 359; People ex rel. West Shore Traction Co. v. Bauer, 54 Misc. 28; Chiapella v. Brown, 14 La. Ann. 185; Matter of Fay, 15 Pick. 243; Matter of Zielinski v. Harding, 177 Misc. 773; Matter of Birch v. Huie, 169 Misc. 1011). II. The Village of Ocean Beach has full authority to grant an exclusive franchise or landing privilege to land and take on passengers and freight within the village limits in consideration of its retention of supervision and control over the type, quality and adequacy of the public ferry service to be supplied. (Macdonnel v. International G. N. R. Co., 60 Tex. 590; Rocky Hill v. Hollister, 59 Conn. 434; Benson v. New York, 10 Barb. 223; Costar v. Brush, 25 Wend. 628; Matter of Union Ferry Co. of Brooklyn, 98 N. Y. 139.) III. The board of trustees of the village has not diverted public property to private use. IV. The Village of

Ocean Beach has not in any way attempted to usurp the authority of the County Court of Suffolk County. (*Combs* v. *Hogg*, 111 Ky. 178.)

*Stanley Fowler* and *Milton H. Reuben* for Fire Island Ferries, Inc., respondent. I. In relying upon the powers given the village by subdivision 66 of section 89 of the Village Law, there has been no illegal attempt to usurp the jurisdiction of the County Court, but, on the contrary, the village has recognized the limitations of its powers with respect to providing ferry service. (*Robia Holding Corp.* v. *Walker*, 257 N. Y. 431; *City of Rochester* v. *Gutberlett*, 211 N. Y. 309.) II. The Village of Ocean Beach clearly had authority to control the use of the village dock and facilities for ferry purposes, and the grant of an exclusive lease thereof for ferry purposes was not a diversion to private use. III. In furtherance of its right to provide, maintain and operate a ferry service, and in accordance with statutory general welfare powers given to it, the village has the absolute right as to ferry service to restrict the use of the water front against outside competition. (*Matter of Union Ferry Co. of Brooklyn*, 98 N. Y. 139; *City of Rochester* v. *Gutberlett*, 211 N. Y. 309; *Gardner* v. *Michigan*, 199 U. S. 325; *People* v. *Weller*, 207 App. Div. 337, 237 N. Y. 316.)

DESMOND, J. Petitioner, in 1927, obtained by license or grant from the County Judge of Suffolk County, under section 71 of the Transportation Corporations Law, a franchise or right to establish and operate a ferry for the carriage of persons and baggage, for hire, on the waters of Great South Bay, from the public dock at a place called Bay Shore, New York, on Long Island, to a dock in and owned by, the incorporated village of Ocean Beach, New York, on Fire Island, both Bay Shore and Ocean Beach being in Suffolk County. That 1927 grant, which expired by its terms in 1942, was followed in the latter year by a similar grant from the Suffolk County Judge, to petitioner, which was to continue until September 11, 1947. The County Judge's 1942 order fixed fares for the ferriage and contained a provision that the franchise was subject, among other things, to the condition " that permission be obtained from the Village of Ocean Beach to land its boats within the said Village under

Section 89 of the Village Law of the State of New York ''. During the pendency of this litigation the County Judge by further order extended petitioner's franchise to May 1, 1948, but, we are informed, has declined to make a further temporary grant to petitioner so that it might continue its service. Since 1927, petitioner has, under its grants, operated the only ferry service to and from Ocean Beach. Petitioner, for some part of that time, has had a contract with the village of Ocean Beach, which contract is not printed or accurately described in the record but which, it is conceded, gave petitioner an exclusive right to use the village's ferry dock and basin, but which contract ended, by its terms, on April 30, 1948. There is more than a little confusion, in the record and briefs, resulting from failure to distinguish between petitioner's County Court ferry franchise, and its rights under the agreement with the village, but it is patent that the latter has come to an end, and that the village has not renewed it and has, instead, determined to make a similar pact with a rival ferry corporation, respondent Fire Island Ferries, Inc., which new arrangement is to run for ten years from May 1, 1948.

Respondents, trustees of Ocean Beach, adopted, on June 29, 1947, a resolution which, after a recital of preliminary proceedings and of reasons for the action, reads as follows: '' That Fire Island Ferries, Incorporated, a corporation organized and existing under and by virtue of the Laws of the State of New York, having its principal office and place of business at Bay Shore, be and it hereby is given and granted the exclusive right or franchise to land and discharge and to accept and take on for passage, passengers, freight and baggage and all other merchandise and transportable matter within the corporate limits of the Village of Ocean Beach, and that said exclusive right or franchise shall commence on the 1st day of May, 1948, and continue for a period of ten years therefrom unless sooner terminated as provided in the franchise agreement to be executed and that the proper officers of the village be and they hereby are authorized and directed to prepare and negotiate a suitable franchise agreement between this village and Fire Island Ferries, Inc.'' Thus, respondent Fire Island Ferries, Inc., has gotten, or is about to get, from the village board

an exclusive right to land ferryboats and take on and discharge passengers and freight within the limits of the village. Petitioner brought this proceeding to have the June 29, 1947, resolution held illegal, alleging that it amounted to a ferry franchise which, according to petitioners, the village has no power to give, and that it was illegal, for another reason, also, in that it gave Fire Island Ferries, Inc., the sole use of the ferry dock and the sole right to touch anywhere in the village with a ferryboat. The answers of respondents point out that subdivision 66 of section 89 of the Village Law (to which we shall refer later) authorizes Ocean Beach and certain other villages to " provide " a ferry or ferries. It is the theory of respondents that the resolution does no more than so " provide ", and that, having duly advertised for, and received, bids and after due deliberation and for sufficient reasons, having accepted the bid of respondent Fire Island Ferries, Inc., the village was in a position legally to make the contract. The answers and the proof show that petitioner was invited to bid but did not do so till long after the time for receiving bids had passed, at which late date its bid was refused consideration.

Special Term dismissed the petition on the merits, the Appellate Division unanimously affirmed, and we granted petitioner's motion for leave to appeal to this court.

The Justice at Special Term concluded that authority for the village to make this exclusive grant was found in subdivision 66 of section 89 of the Village Law which is in part as follows: " *Ferries and ferry terminals.* Any village which is disconnected geographically by water from the mainland of the state and which is not connected by any bridge or viaduct wholly or partly within its corporate limits with such mainland, may acquire, by purchase, lease, charter, new construction or otherwise, and provide, maintain and operate a ferry or ferries, together with the necessary boats and terminals therefor, for the transportation of passengers, express matter and freight between said village and the adjacent mainland of the state, during the whole or such portion or portions of the year, and may charge such rates therefor, as it may deem advisable, and each such village shall have the right to spend money for said purposes or any of them."

The use of the word " provide ", held Special Term, showed a plain legislative intent to authorize villages like Ocean Beach not only to own and operate ferries, if they so desired, but to arrange and contract for the operation of ferries by others. The court pointed out that the " Notice for Bidders " sent out by Ocean Beach in February, 1947, stated a requirement that the successful bidder " must procure license to operate from County Court of Suffolk County." Thus, it was held below, the village, in passing the resolution, did no more than it was empowered to do by subdivision 66 above quoted, and by subdivision 39 of section 89 of the Village Law, which latter subdivision, in general. terms, gives power to village trustees to grant rights and franchises as to the use of public places. We cannot read either subdivision as empowering this village to make exclusive grants of ferry privileges within the village.

The privilege of establishing and operating a ferry is a franchise, the political power to grant which rests primarily in the State Legislature (3 Kent's Commentaries [6th ed.], p. 458; *Benson* v. *Mayor of City of N. Y.,* 10 Barb. 223, 233, 234; *Milhau* v. *Sharp,* 27 N. Y. 611, 619; *Chenango Bridge Co.* v. *Paige,* 83 N. Y. 178, 186; *Mayor of City of N. Y.* v. *Starin,* 106 N. Y. 1, 11; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196). The State may delegate that power to other public bodies or officers (see *Fanning* v. *Gregoire,* 16 How. [U. S.] 524, 534; *Aiken* v. *Western R. R. Corp.,* 20 N. Y. 370; *Matter of Union Ferry Co.,* 98 N. Y. 139). In various States, including New York, the practice has been followed of delegating it specifically to the County Court (Transportation Corporations Law, § 71; see *Williams* v. *Wingo,* 177 U. S. 601). Where the New York Legislature has seen fit to make other such delegations of the power it has used apt language to make its purpose plain (see *Mayor of City of N. Y.* v. *New York & Staten Island Ferry Co.,* 8 Jones & Sp., 232, 239, 249; *Power* v. *Village of Athens,* 99 N. Y. 592, 599, 600). Such conferrals carry only the powers that are clearly stated therein (*Wright* v. *Nagle,* 101 U. S. 791). So tested, subdivision 66, which permits this village to " acquire " and to " provide, maintain and operate a ferry or ferries, together with the necessary boats and terminals therefor " and to " charge such rates therefor, as it may deem advisable ", seems to us to describe a village-operated ferry

only, and not to create or enlarge any powers of the village over ferries operated by private corporations. This conclusion is strengthened by the second sentence of subdivision 66, which states the procedures to be taken by a village " before operating any ferry or ferries " and says that such a village, to operate a ferry, need not have a license " from any other body politic or court of the state of New York." Subdivision 66 gave this village no right to license a ferry, and so the legality of the resolution of June 29, 1947, cannot be supported by anything in that subdivision.

The remaining question is as to whether the resolution, though not within subdivision 66, is nonetheless valid. We do not decide whether or not this village may give to a ferry corporation the sole use of its ferry dock — first, because the character and status of that dock or ferryhouse is not adequately shown by the record; and second, because the resolution goes far beyond a lease of that wharf or waterside structure. Nor do we decide to what extent this village may, under existing laws, for reasons of safety or otherwise to protect itself and its residents and visitors, make rules as to the kind of vessels which may carry passengers to its shore, and as to their management, schedules, etc. We take the June 29, 1947, resolution as we find it. It directs the award to respondent Fire Island Ferries, Inc., of an exclusive right to land ferryboats anywhere on the shores of the village. If the resolution were to stand, the County Judge would be deprived of any real function as to ferries operating to the village. No statute cited to us empowers a village to grant such a monopoly, and statutes such as subdivisions 39 and 59 of section 89 of the Village Law are couched in language much too general to convey so large a grant of power. Finding no legal basis for the passage of the resolution, we hold it invalid.

The orders below should be reversed, with costs to the appellant in all courts, and the proceeding remitted to Special Term for further proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER, DYE and FULD, JJ., concur.

Orders reversed, etc.