In the Matter of CARL F. GILBERT et al., Petitioners, against WILLIAM T. STEVENS et al., Constituting the Board of Zoning Appeals of the City of Ithaca, Respondents. NEW YORK TELEPHONE COMPANY, Intervener.— Proceeding under article 78 of the Civil Practice Act transferred to this court by an order of Special Term, Tompkins County. The petitioners ask us to review and annul a determination of the respondents, made after a hearing, granting a variance to permit the intervener to erect, in a zoned business district, an addition to its central office building without having off-street parking facilities on the site. The zoning ordinance provides that, except where within 500 feet of adequate and existing parking areas, all buildings erected or converted in a business district shall have off-street parking facilities equal to certain requirements. A schedule lists the requirements for various types of buildings, including office buildings. The intervener's proposed addition is an office building within the special meaning of the ordinance. In a determining resolution, the respondents state " that adequate public parking facilities were available within certain specified distances from the site " and that " if the variance were denied it would involve great practical difficulties and an unnecessary hardship for the appellant." We view these statements as conclusions and not findings of fact. Findings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination. (*Matter of New York Water Service Corp.* v. *Water Power & Control Comm.*, 283 N. Y. 23; *Matter of American Seminary of Bible* v. *Board of Stds. & Appeals of City of N. Y.*, 280 App. Div. 792; *Matter of Aisloff* v. *Board of Stds. & Appeals of City of N. Y.*, 276 App. Div. 907; *Matter of Scudder* v. *O'Connell*, 272 App. Div. 251.) There is nothing in the record upon which to base a determination that adequate and existing parking areas are available within 500 feet of the site of the proposed addition. Perhaps such information is within the personal knowledge of the respondents. In that event, the information should be placed in the record in detail, if a determination is to be based upon it. Adequate findings showing that hardship would be caused the intervener if the variance were not granted would not—standing alone—be sufficient to sustain the granting of a variance. Section 8 of article XII of the Zoning Ordinance provides that " no variance shall be granted solely on the grounds of the appellant's personal interest, but upon the broader grounds of equity and the interests of public health, safety and general welfare ". Although the record discloses that none of the witnesses was sworn, we do not pass judgment upon that omission as the issue has not been raised. (*Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 474.) We also note that no verified return is contained in the record. (General City Law, § 82, subd. 3.) Determination annulled, without costs, and the matter remitted to the respondents for reconsideration and making of a determination in proper form, with leave to the parties to present such other and further proof as they may be advised. We have not passed upon the merits of the controversy and our decision to annul the determination of the respondents should not be construed as indicating our disapproval of the result reached by

them. The respondents should feel free upon reconsideration of the matter to reach the conclusion they regard as warranted. Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ., concur.