In the Matter of HOLMES & MURPHY, INC., Appellant, against MARVIN R. BUSH et al., Constituting the Board of Appeals of the Village of Orchard Park, et al., Appellants.

Fourth Department, July 10, 1958.

*Melvin L. Bong* for appellant.

*Leland G. Davis* for Marvin R. Bush and others, respondents.

*Edward L. Keenan* for James M. Hughes, respondent.

*Per Curiam.* This is an appeal from an order of the Special Term dismissing a proceeding under article 78 of the Civil Practice Act brought to review the denial by the zoning board of appeals of the Village of Orchard Park of the petitioner's application for a permit to build a concrete ready-mix plant in the village of Orchard Park.

On January 4, 1956, the petitioner applied to the board of trustees of the village for a permit to erect a block and steel building to be used as a shed and concrete ready-mix plant. The petitioner, for over 25 years, had used its premises for the storage and repair of highway construction equipment and, on occasion, for concrete mixing but it had not used the particular portion of the premises upon which it proposed to erect the new building, for the latter purpose.

The portion of the premises proposed to be used for the new building was located in an industrial district. The proposed use was therefore a permissible one under the ordinance unless it constituted a '' trade, industry or use which is or may be injurious, nauseous, offensive or noxious by reason of

vibration or noise or by the emission of odor, stenches, dust, smoke or gas '' (Ordinances of Village of Orchard Park, ch. 15, § 5, subd. [a]).

Under the terms of the ordinance, an application for a permit was to be made in the first instance to the board of trustees of the village; an appeal could thereafter be taken to the board of appeals (Ordinances of Village of Orchard Park, ch. 15, §§ 6, 9). The board of trustees granted the permit by a vote of three to two, subject to limitations specified in its resolution. Among other things, it was provided that the petitioner was to use not more than 5 trucks and that the plant was to be operated in a '' clean, orderly way ''. Neighboring property owners appealed to the board of appeals. The board held a hearing several months later and reversed the determination of the board of trustees and denied the permit. This proceeding under article 78 of the Civil Practice Act followed.

So far as can be determined from the record, the proof before the board of appeals was meagre. No testimony was taken. A letter was presented on behalf of the neighboring property owners asserting that the plant would be offensive by reason of dust, noise and vibration. On behalf of the petitioner, a letter was introduced from the village engineer of a nearby village indicating that a similar plant had not proved obnoxious in that community.

In their answer to the petition in the article 78 proceeding, the members of the board stated that they had based their decision '' not only upon the evidence presented at the hearing but also because of facts within their own acquaintance and knowledge '', but the answer did not state what those facts were. As a further defense, the board alleged that the proposed use would involve the use of vehicles of a gross weight of more than six tons and that another section of the village ordinances prohibited the use of the village streets, other than State and county highways, for vehicles over that weight.

The decision of the board cannot be sustained upon the present record. The possibility that the petitioner might use excessively heavy trucks was obviously not a proper basis for the board's action. If the permit were granted, the petitioner would, of course, have to comply with any valid ordinance regulating the weight of the trucks used by it. Neither was the board entitled to consider traffic hazards which might result from the proposed use; the ordinance makes the permissibility of the use depend solely upon whether the proposed use will cause vibration or noise or the emission of odor, stenches, dust, smoke or gas, to an offensive or noxious extent.

Under this ordinance, a permit may not be denied because of traffic hazards (cf. *Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508, 525).

There was no evidence before the board that dust, noise or vibration in an objectionable degree would be caused by the operation of the petitioner's plant. The board purported to act upon the basis of the personal knowledge of its members but the facts of which the members had personal knowledge were not disclosed in the return. It is therefore impossible to determine whether there was a reasonable basis for the board's decision or whether it was arbitrary and capricious. An explicit statement of the evidentiary facts drawn from the reservoir of the personal knowledge of the members of the board is essential in order to enable the court intelligently to review the board's determination (*Matter of Wehr* v. *Crowley,* 6 A D 2d 214; *Matter of Community Synagogue* v. *Bates,* 1 N Y 2d 445; *Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39; *People ex rel. Fordham Manor Ref. Church* v. *Walsh,* 244 N. Y. 280; *Matter of Gilbert* v. *Stevens,* 284 App. Div. 1016).

One additional point should be mentioned. The answer of the board of appeals alleges that, after the petitioner obtained its permit from the village trustees, it erected an outdoor structure which was not in compliance with the terms of the permit, it being alleged that the permit contemplated an enclosed building, housing the ready-mix concrete equipment. Of course, the issue before the board was whether the permit issued by the village trustees should be sustained, not whether the petitioner had violated it. The petitioner may be compelled by legal proceedings to remove any structure erected by it in violation of the terms of the permit. If the interpretation of the permit is in dispute, that point should be clarified before a final decision is made by the board of appeals, as the nature of the structure contemplated by the permit may have a bearing upon the question of whether the proposed use will have objectionable effects in the causing of dust, noise or vibration.

The order appealed from should be reversed and the determination of the zoning board of appeals annulled and the matter remitted to the board for further proceedings not inconsistent with this opinion.

All concur. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Order reversed and determination of the board of appeals annulled, with $50 costs and disbursements, and matter remitted to the board of appeals for further proceedings not inconsistent with the opinion.