Gboege M. Fanelli, J.
In this article 78 proceeding petitioners, adjoining and nearby property owners, seek to review and annul a determination of the Zoning Board of Appeals of the Town of Ramapo which directed the issuance of a building permit to one Louis Crua (hereinafter referred to as the “property owner”) for the construction of a one-family dwelling.
The record indicates that on June 30, 1958 the building inspector denied said property owner a building permit upon the ground that to do so would violate certain side yard requirements then made necessary by the Zoning Ordinances, effective April 20, 1958. Thereupon, said property owner appealed to respondent board for a variance (presumably pursuant to Town Law, § 267 and Zoning Ordinances, § 8.33)- so as to permit side yards of a total of 81 feet instead of 100 feet. After public notice a hearing was held on July 16, 1958 at which time the board “ approved ” the application “ in view of the opinion of the town attorney ”. The record further indicates that based upon this determination a building permit was issued to the property owner on the following day (July 17, 1958) although the determination and decision of the board was not filed in the office of the Town Clerk until August 29, 1958 despite the fact that section 8.323 of the Zoning Ordinance requires that such decision be filed “promptly”.
The court has carefully examined the record in this proceeding together with the various exhibits and memoranda submitted by counsel, but the state of the record is such that the court is unable to reach and pass upon the merits of the controversy. While counsel for respondent board in his memorandum of law urges that this proceeding does not involve a variance problem but rather an administrative ruling based upon his legal opinion submitted to the board, nevertheless, a reading of the record leads to the inescapable conclusion that the original application filed by the property owner was for a variance; that it was published in a newspaper as a variance; that the hearing conducted by the board was in the nature of an appeal for a variance; and that the petition now before the court seeks a review of the board’s decision which granted a variance. Consequently, the law is well settled that in an *423 application of such a nature, certain well-defined principles and requirements must be observed.
Fundamentally, an administrative board, such as respondent, must itself make specific findings and the record upon which it predicates its determination should be sufficiently complete so that a reviewing court may be in possession of all the facts (Matter of Barry v. O’Connell, 303 N. Y. 46; Matter of Scudder v. O’Connell, 272 App. Div. 251; Matter of Winkler v. State Liquor Auth., 3 A D 2d 1011, affd. 4 N Y 2d 856; Matter of Elite Dairy Prods, v. Ten Eyck, 271 N. Y. 488; Matter of Syosset Molding Corp. v. Schlimm, 4 A D 2d 766; see, also, Zoning Ordinance of Town of Ramapo, § 8.323).
In the instant proceeding, respondent board erroneously granted the variance and the building permit “in view of the opinion of the town attorney attached hereto The application before the board was strictly one for a variance and, in this connection, it may exercise its power to grant a variation in specific cases in accordance with the governing requirements of the Town Law and the local Zoning Ordinance. Here, the board was concerned with an appeal by the property owner from the strict enforcement of the then existing Zoning Ordinance so as to permit him to construct a dwelling with a total of 81 feet side yards rather than 100 feet (see Exhibits A and B attached to respondent’s answer), and it was without jurisdiction to make the so-called interpretative ruling based upon the Town Attorney’s opinion, as now suggested by said attorney in his memorandum. The authority of the respondent Board of Appeals is limited to the powers delegated to it by section 267 of the Town Law and section 8.33 of the Zoning Ordinance of the Town of Ramapo insofar as variances are concerned.
While the board is vested with such powers and discretion, yet, such powers and discretion thus reposed must be exercised by it alone. It may not abdicate its functions no more than this court may put itself in the position of the board or try the case de novo. While it is true that the board may seek the views of others in reaching a determination, nevertheless, it should not as a pro forma act base its decision solely upon the recommendation of others, no matter how well intentioned that may be (cf. Matter of Winkler v. State Liquor Auth., supra). Of course, if the board purports to act upon the basis of the personal knowledge of its members, then, too, the facts of which the members have personal knowledge must likewise be disclosed in the return and an explicit statement of the evidentiary facts drawn from the reservoir of the personal knowledge of such members is essential in order to enable the court to Intel *424 ligently review the determination (Matter of Holmes & Murphy v. Bush, 6 A D 2d 200; Matter of Wehr v. Crowley, 6 A D 2d 214; Matter of Joynt v. King, 6 A D 2d 234; Matter of Community Synagogue v. Bates, 1 N Y 2d 445; Matter of Crossroads Recreation v. Bros. 4 N Y 2d 39; People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280; Matter of Gilbert v. Stevens, 284 App. Div. 1016).
In the instant proceeding the record is wholly insufficient. Much of the facts presented and urged by the respective parties are contained in the memoranda and not in the testimony adduced at the hearing. Subdivision 7 of section 267 of the Town Law authorizes the court to ‘ ‘ take evidence or appoint a referee to take such evidence as it may direct and report the same with his findings of fact and conclusions of law ”. This power may be used by the court in any case in which 11 it shall appear that testimony is necessary for the proper disposition of the matter ”, and may be used whenever the court finds that further proof is necessary to clarify or1 supplement the evidence before the board, in order to enable it to determine whether the board’s decision was arbitrary. Of course, even in a case in which additional proof is taken either in court or before a referee, the ultimate issue to be decided is still whether the action of the board was arbitrary or capricious since the additional proof is received only as an aid to the court. In the case at bar, however, not only is it necessary to clarify and supplement the evidence taken before the board but it is apparent that its determination was erroneously premised upon an opinion of the Town Attorney dealing with vested rights and interpretations of ordinances entirely disconnected with and in no way related to the basic principles involved in a variance application such as this. The difficulty here is that while the board dealt with the property owner’s application as one for a variance, yet, its determination and decision fails to indicate the exercise of any element of discretion based upon the testimony adduced at the hearing. Bather, its answer and memorandum of law deal with the afore-mentioned matters which have no relevancy or bearing upon the problem submitted to the board and in no way resist or attempt to resist petitioners’ contentions regarding the arbitrariness or capriciousness of the board’s determination.
Accordingly and in the light of the afore-mentioned, the decision and determination of the respondent Board of Appeals is annulled; the building permit issued thereon is revoked; and the matter is remitted to the board for a full and complete *425 hearing based upon the property owner’s appeal for a variance, and for the making of findings which are susceptible of review as to the sufficiency of the supporting evidence.
Settle order on notice.