Charles M. Hughes, J.
This is an application for a temporary injunction. On September 27, 1958, a summons and complaint, affidavit, exhibits and order to show cause were served upon the defendants. The order provided for a temporary restraint from operating the leased premises in question as a city dump. On September 22, 1958, the Mayor of the City of Ogdensburg was authorized by a resolution of the Common Council to enter into a lease of the premises in question, which lease was executed on September 23, 1958, a copy being attached to the motion papers of the plaintiff. On October 1, 1958, an application was made pursuant to the Zoning Ordinance of the city for permission or variance to use the said premises for sanitary land-fill operations and for a certificate of occupancy as to the same. On the same date, such request was refused by the City Engineer, having no authority under the Zoning Ordinance to grant such permission, as the application must be made to the Common Council, acting under the ordinance, as the Board of Appeals. The application was made to the Common Council at its regular meeting on October 1, 1958, and the Common Council, acting as a Board of Appeals, adopted a resolution granting such permission or variance and on October 2, 1958, pursuant to said permission and resolution, a certificate of occupancy was granted to the city for such use. The plaintiff owns certain lots in the neighborhood of the premises in question. On October 16, 1958, the complaint was amended setting forth the allegations as to the facts transpiring *913 subsequent to the service of the summons and complaint on September 27, 1958. The complaint of the plaintiff seeks to declare void and unconstitutional the resolution of the Common Council granting the permission or variance. This is based on the ground that the proposed use of the property was illegal under the city’s Zoning Ordinance and that the use would constitute a nuisance. The plaintiff also seeks relief by the way of permanent injunction. The plaintiff has also raised issues of fact as to whether the permission or variance was properly passe'd. This is based on the grounds of no notice being given to the residents of the area and that no evidence was taken upon which conclusions of fact and law could be made.
It appears from the pleadings and affidavits that the area in question is zoned for residential purposes in accordance with the Zoning Ordinance of the City of Ogdensburg enacted in 1950 and now in effect. The plaintiff is the owner of several parcels of land which he has developed. He further shows in his moving affidavit that the area is highly desirable as a residential property and that he has completed a house which has a market value of $18,000; that residences in this area are in" range from $12,500 upwards.
The answering affidavit of the defendant reveals that the premises in question and the surrounding area have been used for sand-pit purposes prior to the adoption of the 1950 Zoning Ordinance. That this nonconforming use was an industrial use under the Zoning Ordinance of the city and that the city under the provisions of the Zoning Ordinance could extend the nonconforming use to include sanitary fill operations.
There is no question about the authority of a city to adopt a Zoning Ordinance. (See General City Law, § 20, subds. 24, 25.) There is no question about the authority of a Common Council acting as the Board of Appeals to grant variances within certain recognized and prescribed limits. There is no question in this court’s mind as to the power of the council or the board to act; however, its action cannot be arbitrary or capricious. Its action must also have a foundation both in fact and law to be sustained. The General City Law and the Zoning Law of the City of Ogdensburg recognize that zoning laws and variances thereof have a standard that must be met; that the regulations and their changes shall be designed to promote the public health, safety and general welfare. (See General City Law, § 20, subds. 24, 25.) Subdivision 25 reads in part as follows: “ and shall be made with reasonable consideration, among other things, to the character of the district, its peculiar suitability for particular uses, the conservation of property values *914 and the direction of building development, in accord with a well considered plan.” The statutory language contained in the General City Law and the City Zoning Ordinance of Ogdensburg is mandatory and not permissive. It is the position of the plaintiff that no evidence was taken by the Common Council, acting as the Board of Appeals, to make a decision in conformity with the General City Law and the Zoning Ordinance of the city. The city has not presented to the court any return showing the basis upon which the determination for a variance or permission to extend the nonconforming use was granted. (See General City Law, § 82, subd. 3; see Matter of Barry v. O’Connell, 303 N. Y. 46; Matter of Gilbert v. Stevens, 284 App. Div. 1016.) “ Findings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination.”
A question is presented as to the right of the city to do an act that would be denied to private individuals. The neighborhood in question has been zoned as residential. The city proposes to operate a dump or sanitary land-fill operation which in terms is excluded from the proposed locality by its Zoning Ordinance, which concededly would preclude such an operation by one other than the city itself. It has been held that the disposal of garbage and refuse constitutes a proprietory function, and it is subject to the same standards and restraints which are applicable to a private individual or corporation in the conduct of the same or similar business. (See Morton v. Mayor, 140 N. Y. 207; O’Brien v. Town of Greenburgh, 239 App. Div. 555.) In the latter case, the court stated at page 559: “ The general authority conferred on the defendants to establish disposal plants did not involve an express or implied authority to establish them, or any of them, in violation of zoning ordinances adopted pursuant to the same source of power — the Legislature, and under which the rights of individuals have become fixed. ’ ’
The defendant city, by the exercise of the power of eminent domain, is in a position to acquire such adjoining property as would enable it to conduct its operations without adversely affecting other neighboring property. (See Morton v. Mayor, supra.)
The Common Council in passing the Zoning Ordinance in 1950 has recognized that there are certain uses that must be proscribed ■and limited in industrial zoned areas. Under subdivision B of article III, Industrial Districts, entitled “ Uses Prohibited ’ ’, the following is set forth: ‘ ‘ All uses of land, buildings *915 and structure, industrial processes that may be noxious or injurious by reason of the production or omission of dust, smoke, refuse matter, odor, gas fumes, noise, vibration or similar substances or conditions provided, however, that any uses may be permitted if approved by the Board of Appeals and subject to the securing of a permit therefor and to such conditions, restrictions and safeguards as may be deemed necessary by said Board for the purpose of protecting the health, safety, morals or the general welfare of the community.”
Similar language is contained in the zoning ordinance passed upon by the court in Innet v. Liberman (155 N. Y. S. 2d 383). There the court stated at page 390: “ The entire spirit underlying this section is to restrict rather than to increase a nonconforming use such as hereinbefore mentioned and there must be a reasonable basis in harmony with the general purpose of the decision. ’ ’
The court here is mindful of the problem facing the Common Council, and does not pass upon the reasonableness in permitting the extension of the nonconforming use, but in order to intelligently review the actions of the council, acting as a Board of Appeals, and pass upon its power to grant a variance and to determine that there was scope for the exercise of such judgment, the Common Council, acting as a Board of Appeals, must fully disclose the facts known to its members personally or by way of evidence in arriving at the resolution that extended the nonconforming use. (Matter of Levy v. Board of Standards & Appeals, 267 N. Y. 347; Matter of Gilbert v. Stevens, 284 App. Div. 1016; Matter of Bach v. Board of Zoning & Appeals, 282 App. Div. 879; Innet v. Liberman, 155 N. Y. S. 2d 383, supra; North Shore Beach Property Owners Assn. v. Town of Brookhaven, 115 N. Y. S. 2d 670.) If the Common Council, acting as the Board of Appeals, know that their action does not affect neighboring property values, these facts should be made known.
This court does not pass upon the merits of the controversy at this time, and its decision here on a temporary injunction should not be construed as indicating its approval or disapproval of the action of the Common Council acting as the Board of Appeals.
In the exercise of discretion, the motion for a temporary injunction is granted. In the interest of justice, the trial of this action should be preferred, subject to the approval of the Justice presiding upon the service and filing of an appropriate note of issue.
Submit order.