Mario Pittohi, J.
This article 78 proceeding is remanded to the Board of Appeals of the City of Long Beach for further proceedings.
The decision of the board sets forth no facts relied upon to sustain its determination and the granting of variances. Mere vague statements with such words as “health”, “safety”, “morals”, “general welfare ”, “practical difficulties and unnecessary hardships ” merely repeat legal statements or conclusions ; they are not findings of fact upon which the board’s determination is based. “ It is elemental * * * that before the board may grant a variance, the record must disclose some basis to justify the conclusion that there are practical difficulties or unnecessary hardships. Here the record is silent upon these points. * * * ‘ There must be a disclosure of the facts ’ ”. (Matter of Ryback v. Murdock, 1 A D 2d 132, 133 [1st Dept.].) And 11 Findings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination.” (Matter of Gilbert v. Stevens, 284 App. Div. 1016.) In fact, the Supreme Court, Appellate Division, has but recently stated, “ We are not unmindful of the requirement that such findings be made by boards or officers required to exercise quasi-judicial or administrative functions pursuant to legislation which circumscribes their power to act by providing rules and standards for their *992 guidance which they may not disregard (Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970, 971 [2d Dept.]; also Matter of Gerling v. Board of Zoning Appeals, 6 A D 2d 247, and Matter of Lapham v. Roulan, 10 Misc 2d 152.)
The argument that no formal finding of fact need be made because recourse may be had to facts contained in the record is lacking in persuasiveness. Simply put, it means that the court must wade through the record and find for itself facts and reasons to sustain the board’s determination; and then hold that those were the facts and reasons which the board members had in mind and which persuaded them in making the determination. The mere statement of this contention refutes it.
Reasons and facts stated in the briefs also are not sufficient to take the place of the required findings of facts; they are merely the attorney’s arguments as to what they contend was the basis for the board members’ mental operations.
The court would be legally justified in granting the petition herein by reason of the board’s failure to comply with section 1291 of the Civil Practice Act and cases thereunder; however, justice to the litigants can best be served by a full presentation of the record.
Thus, this matter is remanded to the board for further proceedings; and the board shall make, not statements of conclusions or of law, but findings of fact; and shall state those facts with sufficient clarity and detail so that there may be 61 an intelligent judicial review of a quasi-judicial or administrative determination ”. A failure to satisfy this requirement may impel the granting of the petitioner’s application on this ground alone.
Copies of any further findings, decisions or determinations shall be served upon the attorney for the petitioner, and no limitation of time shall begin until such service.
Submit order.