Clare J. Hoyt, J.
This is a proceeding under article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the City of Yonkers, and approved by the Common Council of the City of Yonkers, granting a special exception use to permit the erection of a gasoline filling station at the corner of Yonkers Avenue and Dunwoodie Street in the City of Yonkers.
The location of the proposed filling station is in a 11 B ” zone area under the Zoning Ordinance which permits without any application a variety of commercial and business activities, including stores, theatres, truck loading and unloading berths, laundromats, auto sales agencies.
The return of the respondents shows that a lengthy hearing was held, many witnesses were heard and evidence adduced both in favor of and against the application.
The petitioners moved to dismiss the answers as being insufficient in law and then submitted replies for a determination on the merits in the event the motion to dismiss the answers were denied. Petitioners argue that the answers are insufficient because the respondents failed to make sufficient findings. The ordinance requires that for the granting of a special exception use there must be findings that the purposes and intent of the Zoning Ordinance will be in harmony therewith; the purposes and intent in general being to promote public health, safety and welfare, regulate the growth of the city, protect property, conserve values, promote land utilization, prevent overcrowding and minimize congestion.
The findings made by the board were as follows: “ The Board gave careful consideration to the entire area, reviewing it again, and found that in the ‘ B ’ zone there were lumber yards and stone companies and sand companies. And a gas station is permitted, and in view of it being a * B ’ zone, the Board unanimously granted it. The Board granted this special exception use subject to the approval of the Common Council.”
These findings are, in the opinion of the court, insufficient. The board might have made adequate findings to support its determination upon the basis of the evidence presented before it. It-is not the court’s duty or province, however, to go through the evidence and then speculate that the board could have made proper requisite findings on that evidence. This situation was dealt with in Matter of Hattem v. Silver (19 Misc 2d 991, 992) where, in rejecting findings, the court held:
“ The argument that no formal finding of fact need be made because recourse may be had to facts contained in the record is lacking in persuasiveness Simply put, it means that the court must wade through the record and find for itself facts and rea *880 sons to sustain the board’s determination; and then hold that those were the facts and reasons which the board members had in mind and which persuaded them in making, the determination. The mere statement of this contention refutes it.
‘1 Reasons and facts stated in the briefs also are not sufficient to take the place of the required findings of facts; they are merely the attorney’s, arguments as to what they contend was the basis for the board members’ mental operations.”
The answer of the respondents alleges, in a conclusory fashion, that the use granted is in harmony with the purposes and intent of the ordinance. This answer is verified only by the Mayor of the City of Yonkers and the answer cannot, thus, be taken as the findings of the board, even if it be conceded that the answer might constitute a finding.
In Matter of Ellison v. Board of Appeals of the City of Long Beach (25 Misc 2d 749, 752) it was held: “while the affidavit of the board chairman submitted with the return sets forth a number of facts which it said the board found from the evidence and from its own personal knowledge, no findings of fact were made on the record prior to rendition of the board’s decision. Even if it assumed that the omission of formal findings can bo supplied in the answer in an article 78 proceeding, the findings supplied would have to have been approved by the requisite number of members of the board. The affidavit of the chairman of the board presented by respondent is the statement of but one member and is wholly insufficient to remedy the defect. (Matter of Lapham v. Roulan, 10 Misc 2d 152, 157.) Without proper findings of fact, the court cannot intelligently exercise its review function. (Matter of Hattem v. Silver, 19 Misc 2d 991.) ”
It is with some reluctance that the court remands this matter to the board for further proceedings since, from the evidence, it is apparent that the board could properly have made the requisite findings. To dismiss the petition and affirm the ¡decision of the respondents on this record, however, would be to condone procedure not in accord with the prescribed practice.
This determination has been made upon a review of the return insofar as it was necessary to examine the findings made by the respondents. The motion :of petitioners to dismiss the answers as a matter of law is denied since the answers, on their face, appear sufficient. The petitioners, although originally moving to dismiss the answers, have interposed replies, which permits the court to treat the proceeding on its merits and render such final order as is required (Ocean Beach Ferry Corp. v. Village *881 of Ocean Beach, 74 N. Y. S. 2d 110, revd. on other grounds 298 N. Y. 30).
The court, thus, determines that, upon the insuEcient findings made by the board, the petitioners’ prayer that the determination of the respondents be reversed, annulled and set aside, should be allowed, with leave, however, to the respondents to file a further amended answer and return upon completion of such proceedings as they deem advisable, whereupon petitioners may then renew their application, by notice of motion, for a review of respondents’ determination.