■ In the Matter of JOHN J. GILL et al., Petitioners, v. MYRTLE O'NEIL et al., Constituting the Board of Zoning Appeals of the City of Ithaca, et al., Respondents.— This article 78 proceeding, transferred here pursuant to 7804 (subd. [g]) of the Civil Practice Law and Rules, seeks a review of a determination of the Board of Zoning Appeals of the City of Ithaca, which granted to Two Twelve Giles Street Corporation, hereinafter referred to as the owner, a variance to erect a larger unit apartment complex than the zoning ordinance permitted. Under the ordinance, the location of the owner's property was limited to a multiple-family dwelling, or a student fraternity or sorority house. Applying the zoning formula to the size of the owner's lot permitted the construction of a 9-unit apartment. The owner applied and sought permission to construct a 24-unit apartment house. The board, following a hearing, by resolution granted a variance to permit the erection of an 18-unit apartment but, in so doing, made no factual findings or gave any substantial reason for its action. The answer to the petition included no factual findings. In *Matter of Gilbert* v. *Stevens* (284 App. Div. 1016) this court stated in a case involving the same city zoning board: "Findings of fact which show the actual grounds of a decision are necessary for an intelligent review of a quasi-judicial or administrative determination. * * * Perhaps [the] information is within the personal knowledge of the respondents. In that event, the information should be placed in the record in detail, if a determination is to be based upon it." Pursuant to the zoning ordinance the Board of Appeals may, under certain conditions, grant a variance when there are practical difficulties or unnecessary hardships in carrying out the law. (Zoning Ordinance, § 12, A[3].) In a letter to the board, the builders stated their intent to proceed, in lieu of a variance, with the construction of the nine units and indicating that the plan would be to rent each facility to eight college students. The letter also indicated that such arrangement would be economically feasible but in deference to the adjacent property owners (we assume not the petitioners) they would much prefer the variance. It would appear that there is a difference of opinion among the adjacent property owners. The petitioners favor the smaller unit, presumably to be occupied by college students, while other owners favor the allowance of a variance to erect a larger number of luxury apartments. Whatever may be the reason, the absence of findings of fact prevents us from making an intelligent review of the board's determination and thus, we do not determine the merits. The determination of the Board of Zoning Appeals of the City of Ithaca annulled and the matter remitted to the board for reconsideration and the making of findings in proper form, with leave to the parties to present such other and further proof as they may be advised, with $50 costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.