■ 215 EAST 72ND STREET CORPORATION et al., Appellants, v JOSEPH B. KLEIN, et al., Constituting the Board of Standards and Appeals of New York City, Respondents.—Judgment of the Supreme Court, New York County, entered February 25, 1977, unanimously affirmed, without costs and without disbursements. Initially, we affirm for the reasons stated at Special Term. As was said in *Matter of Levy v Board of Stds. & Appeals* (267 NY 347, 351): "The Board may act upon its own knowledge of conditions or may make its own survey. 'In that event, however, it must set forth in its return the facts known to its members but not otherwise disclosed.' *(People ex rel. Fordham M. R. Church v. Walsh,* 244 N. Y. 280, 287.) The court will not interfere with the exercise of judgment by the Board where the record discloses a basis for the exercise of judgment, but in the return there must be disclosure of facts upon which a reviewing court can determine that, under the statute, the Board had power to grant a variation and that there was scope for the exercise of such judgment." We are perturbed by the point well presented by the appellant that the board in granting the application for variances, did not make specific findings, but merely noted that required findings had been made. It was not until the answer and return in this article 78 proceeding that the facts found, which lead to its conclusions, were disclosed. Further, section 72-21 of the Zoning Resolution of the City of New York requires these findings. Whether this accords with procedural due process (cf. *Goldberg v Kelly,* 397 US 254), is a question properly raised. However, the practice, condoned, if not upheld, by the Court of Appeals has been to allow reliance on findings contained in the return to the petition. *(Matter of New York City Housing & Dev. Bd. v Foley,* 23 AD2d 84, affd without opn 16 NY2d 1071; see *Matter of Elliott v Galvin,* 33 NY2d 594, 596.) Concur—Murphy, P. J., Kupferman, Evans and Capozzoli, JJ.