■ In the Matter of Solita N. Herman, as Trustee, Respondent, v Vito J. Fossella et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.—Judgment, Supreme Court, New York County, entered March 20, 1979, vacating determination of the New York City Board of Standards and Appeals dated September 26, 1978, and granting petitioner's application for a variance from zoning regulations to permit the construction of a 10-story building, is reversed, on the law, and the petition in this article 78 proceeding is dismissed, with costs. We are unable to say that the determination of respondent Board of Standards and Appeals was arbitrary, or capricious, or without rational basis. We note the presence of detailed findings in the answer signed by the vice-chairman of the board. Concur—Fein, Bloom and Silverman, JJ.

Murphy, P. J., and Birns, J., dissent in part in a memorandum by Murphy, P. J., as follows: The Board of Standards and Appeals denied petitioner Herman's application for a further variance on the grounds it was unable to make requisite finding (e) under section 72-21 of the Zoning Resolution of the City of New York. To the extent here relevant, subdivision (e) of section 72-21 of the Zoning Resolution provides: "Where it is alleged that there are practical difficulties or unnecessary hardship, the Board may grant a variance in the application of the provisions of this resolution in the specific case, provided that as a condition to the grant of any such variance, the Board shall make each and every one of the following findings * * * (e) That within the intent and purposes of this resolution the variance, if granted, is the minimum variance necessary to afford relief; and to this end, the Board may permit a lesser variance than that applied for. It shall be a further requirement that the decision or determination of the Board shall

set forth each required finding in each specific grant of a variance, and in each denial thereof which of the required findings have not been satisfied. In any such case, each finding shall be supported by substantial evidence or other data considered by the Board in reaching its decision, including the personal knowledge of or inspection by the members of the Board. Reports of other City agencies made as a result of inquiry by the Board shall not be considered hearsay, but may be considered by the Board as if the data therein contained were secured by personal inspection." Before we. can intelligently review the board's determination, the record must indicate the factual basis for the determination *(Matter of Collins v Behan,* 285 NY 187; *Matter of Panzer v McConnell,* 6 AD2d 700; *Matter of Gilbert v Stevens,* 284 App Div 1016). In denying the application, the board technically complied with subdivision (e) of section 72-21 by stating that finding (e) was not satisfied. However, the board did not give any reason for its determination that finding (e) was not satisfied. The board merely "concluded" that it could not make requisite finding (e). *(Matter of American Seminary of Bible* v *Board of Stds. & Appeals of City of N. Y.,* 280 App Div 792; *Matter of Aisloff v Board of Stds. & Appeals of City of N. Y.,* 276 App Div 907.)* Since no reason is given for the board's determination, it is impossible to decide on review whether the board acted arbitrarily or capriciously. (Cf. *Matter of Holmes & Murphy v Bush,* 6 AD2d 200, 203.) The board's failure to make factual findings was not cured by the service of its answer in this proceeding. In paragraph 16 of its answer, the board asserts in subparagraphs (a) through (y) what it considers to be "findings, circumstances and conclusions". After reciting the difference between the original variance that was granted and the further variance that was requested, the board stated: "(t) The Board finds that on the basis of the record in this case it is unable to make finding 'E' under Section 72-21 of the Zoning Resolution. (u) The instant application pending before the minimum variance necessary to afford the property owner relief from any practical difficulties he may suffer as a result of the requirements of the Zoning Resolution. (v) The figures submitted by the applicant in support of his request for a variance herein do not establish that the requested variance meets the requirements of Section 72-21(e) of the Zoning Resolution. (w) The applicant has already submitted to the Board that the variance previously granted to him under Calendar No. 505-77-BZ is the minimum variance necessary to afford him relief. (x) The applicant has failed to establish any changed circumstances to warrant a finding that a greater variance is now necessary. (y) The variance previously granted the applicant affords him the opportunity to obtain a reasonable return from the subject property". Paragraphs (t) through (y) of subdivision 16 merely contain legal conclusions on the part of the board. The board does not discuss or explore the projected income and return to the petitioner under either the variance given or the further variance requested. Therefore, it is impossible to determine whether either of them was the "minimum variance necessary" or whether either afforded petitioner a "reasonable return". While this court has considered, as sufficient, an answer setting forth the facts found by the board *(215 East 72nd St. Corp. v Klein,* 58 AD2d 751, app dsmd 42 NY2d 1012, 1013, mot for lv to app den 43 NY2d 644, cert den *sub nom. Lawrence v Kelin,* 436 US 905), the conclusory answer submitted in this proceeding is insufficient. Accordingly, the order of the Supreme Court, New York County, entered March 20, 1979, should be reversed, on the law, and this matter should be remitted to the Board of Standards and Appeals with instructions to make findings of fact in support of whatever determination it may reach on the evidence.