■ In the Matter of CONCERNED CITIZENS AGAINST CROSSGATES et al., Appellants, v TOWN OF GUILDERLAND ZONING BOARD OF APPEALS et al., Respondents, and PYRAMID CROSSGATES COMPANY, Intervenor-Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered March 10, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul the issuance of a special use permit by the Town of Guilderland Zoning Board of Appeals to Pyramid Crossgates Company. In connection with its attempt to construct a shopping mall on land located principally within the Town of Guilderland, Albany County, Pyramid Crossgates Company applied on June 24, 1981 to the town's zoning board of appeals (zoning board) for variances and a special use permit. Following numerous public hearings on the applications conducted over the ensuing five months, Pyramid withdrew the application for the necessary variances at a public hearing held on November 18, 1981 following its decision to abandon plans for the fifth and final stage of the mall's construction. This modification by Pyramid had the effect of reducing the proposed mall's size by approximately 25% and eliminated the need for variances from the town's zoning ordinance. Thus, with only Pyramid's application for a special use permit still pending, the zoning board held a final public hearing on December 2, 1981. The submission of written materials was accepted until December 9, 1981 and, following an executive session on December 14, 1981 to discuss its proposed findings of fact, the zoning board approved the issuance of a special use permit to Pyramid by a four-to-three vote at its regularly scheduled meeting on December 16, 1981. This CPLR article 78 proceeding seeking to challenge that determination ensued. Petitioners have appealed from Special Term's judgment upholding the action taken by the zoning board and dismissing their petition. There must be an affirmance. Petitioners' contention that they were denied a fair hearing and reasonable opportunity to be heard on Pyramid's application is belied by a careful review of the record. Before making its final decision on December 16, 1981, the zoning board had conducted 10 public hearings and three special meetings on the Pyramid applications. Approximately 100 witnesses were heard and thousands of pages of exhibits and written testimony were received. Petitioners were granted full party status by the zoning board and vigorously participated throughout the hearing process. The mere fact that the zoning board finally determined that the hearings should be concluded, at a time when petitioners still wished to be heard on the matter, does not *ipso facto* constitute a violation of petitioners' rights. The record reveals that petitioners were afforded ample opportunity to present their objections to the Pyramid applications, both as originally proposed and as modified at the November 18, 1981 public hearing. Petitioners' remaining arguments are similarly unpersuasive. The findings of fact necessary to support the issuance of a special use permit for Pyramid's proposed regional shopping center were made by the zoning board. Moreover, assuming, *arguendo*, petitioners' contention that the requisite findings were not made by the zoning board prior to its decision granting the special use permit, they are contained in the zoning board's answer in the instant proceeding (see *Matter of Herman v Fossella,* 73 AD2d 502, affd 53 NY2d 730; *Matter of 215 East 72nd St. Corp. v Klein,* 58 AD2d 751, app dsmd 42 NY2d 1012, 1013, mot for lv to app den 43 NY2d 644, cert den *sub nom. Lawrence v Klein,* 436 US 905). The admitted conflict of interest by the zoning board's counsel does not require that a *de novo* hearing be held on Pyramid's application. Unlike the situation in *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Town of Tuxedo* (69 AD2d 320), relied upon by petitioners, the zoning board's counsel was not a voting member of the governmental body involved and he divorced

himself from the proceedings at the first opportunity after learning of the conflict. On a related issue, petitioners have not sufficiently shown that statements allegedly made by one of the members of the zoning board, even if true, demonstrated such prejudice that the failure of that member to disqualify himself from this matter should result in annulment of the board's ultimate determination. The final issue raised by petitioners concerns the propriety of the zoning board's action in holding an executive session closed to the public on December 14, 1981. Petitioners claim that the zoning board was acting in its legislative capacity at this session and that it was thus required to be open to the public pursuant to the Open Meetings Law (Public Officers Law, § 98, subd [a]). We disagree and feel that the zoning board acted properly in deciding to close its December 14, 1981 executive session to the public. Since the purpose of the session was to weigh the evidence previously presented to the board regarding Pyramid's application for a special use permit and apply the relevant law thereto, it was judicial in nature (see *Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, 418, affd 45 NY2d 947; see, also, *Matter of Mobil Oil Corp. v Oaks,* 55 AD2d 809; 12 NY Jur 2d, Buildings, Zoning, and Land Controls, §§ 340, 344, pp 367-368, 370-371) and thus exempt from the requirements of the Open Meetings Law (Public Officers Law, § 103, subd 1). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.