■ In the Matter of FRAYDUN ENTERPRISES, Respondent, v SYLVIA DEUTSCH et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.—Judgment (denominated an order), Supreme Court, New York County (Price, J.), entered July 17, 1984, vacating the determination of the New York City Board of Standards and Appeals dated August 16, 1983, and remanding the matter for further consideration of the modified plans for a building to be erected at 145 E. 50th Street and for restoration of the permits previously granted, unanimously reversed, on the law, the petition is denied and the proceeding is dismissed, without costs.

The Department of Buildings denied approval for petitioner Fraydun Enterprises' revised plans to construct a 45-story office building at 145 E. 50th Street in Manhattan because the modification increased the degree of nonconformity of the proposed structure. It had previously passed a resolution renewing the building permits issued to petitioner, which had been invalidated by the subsequent Special Midtown District (SMD) New York City Zoning Resolution. The new SMD Zoning Resolution and its implementing regulations provide, *inter alia,* new criteria for building bulk, i.e., size (height and floor area), the relationship to surrounding buildings, and setback, air, light, and other requirements depending upon the height of the building. The purpose of the SMD Zoning Resolution was to discourage the over-concentration of development in the eastern side of the SMD, where petitioner's property was located, and to encourage growth in the western and southern portions of the SMD. The modified plans were for a 38-story hotel with a different configuration than the proposed office building. The lower height conformed with SMD maximum height requirements. Petitioner appealed the disapproval of its modified plans. After a hearing, the Board of Standards and Appeals passed a resolution denying the appeal ruling that "the provisions of 81-023 of the Zoning Resolution (Integration Clauses) takes precedent *[sic]* over Section 11-31 of the Zoning Resolution and therefore bulk regulations of

Section 81-20 through 81-28 of the Zoning Resolution shall be deemed to be an integral unit and proposed development must meet all the requirements of the Special Midtown District."

By decision reported at 124 Misc 2d 470, Special Term conceded that section 81-023 of Article VIII, Chapter 1 of the Zoning Resolution "integrates" the bulk requirements of the Special Midtown District, but held that once the Board renewed the building permit in derogation of the SMD requirements, petitioner had a vested right under section 11-31 of Article I of the Zoning Resolution to modify its plans more closely to fit SMD requirements. We disagree and reverse.

The determination of the Board had a rational basis and must be confirmed. Special Term's reliance upon section 11-31 is misplaced, since the proposed modification involved a change in building configuration which, in tandem with the continuation of substantial nonconformity in floor area ratio, increased the degree of nonconformity with the SMD bulk requirements. By its plain language, section 81-023 of the Zoning Resolution, the "integration clause," requires complete adherence to the series of integrated regulations established for the SMD. Thus, a developer may not select which SMD criteria to meet. Petitioner had no vested right to benefit from the less stringent SMD daylight and design criteria by modifying the building's configuration while continuing substantial nonconformity as to floor area ratio. The discretion of the zoning administrative board is not narrowed through its exercise. *(See, Matter of Cowan v Kern,* 41 NY2d 591, 595; *Matter of Herman v Fossella,* 73 AD2d 502, *affd* 53 NY2d 730.) To the extent that section 11-31 conflicts with section 81-023, the more restrictive provisions of the latter are controlling. (McKinney's Cons Laws of NY, Book 1, Statutes § 397.) Petitioner's claim of confiscatory taking lacks merit, since its subsequent proposal, which meets all the SMD criteria, has been approved. Concur—Kupferman, J. P., Sullivan, Carro, Fein and Rosenberger, JJ.