Matter of Allen v Cattaraugus County Bd. of Health (2004 NY Slip Op 24180)

Matter of Allen v Cattaraugus County Bd. of Health

2004 NY Slip Op 24180 [4 Misc 3d 383]

May 18, 2004

Supreme Court, Cattaraugus County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 18, 2004

[*1]
In the Matter of Robert F. Allen, Petitioner,
v
Cattaraugus County Board of Health et al., Respondents.
Supreme Court, Cattaraugus County, May 18, 2004

APPEARANCES OF COUNSEL

Andrew Goodell, Jamestown, for petitioner. Dennis V. Tobolski, County Attorney, for respondents.

{**4 Misc 3d at 383} OPINION OF THE COURT

Larry M. Himelein, J.
Public Health Law § 1399-o (2), part of New York's Clean Indoor Air Act, provides that smoking is not permitted in a bar. Petitioner owns and operates the Long Branch Saloon in Franklinville, New York. On September 4, 2003, pursuant to a notice of administrative hearing, he was accused of violating the act because patrons were smoking in the bar on August 27, 2003. A hearing was held on September 23, 2003 and by decision dated October {**4 Misc 3d at 384}1, 2003, a violation was found and petitioner was fined $500, plus $10 per day if the fine was not paid by October 14, 2003. An appeal to the Board of Health was denied on November 7, 2003.
On November 10, 2003, petitioner was again accused of violating the act after patrons were observed smoking in the bar on November 8, 2003. A hearing was held on November 25, 2003 and petitioner was again found to be in violation, and was fined $1,000, plus $10 [*2]per day if the fine was not paid by December 17, 2003. He appealed and the appeal was denied on February 4, 2004.
On February 27, 2004, petitioner commenced the instant CPLR article 78 proceeding contending that (1) the Board of Health exceeded its lawful authority; (2) the Board of Health failed to perform a statutory duty by not conducting a health inspection and issuing health permits for plaintiff's restaurant until petitioner paid the fines; (3) the Board of Health violated lawful procedures; (4) the Board of Health determinations were not supported by substantial evidence; and (5) the Clean Indoor Air Act is unconstitutional as implemented. After the County answered, petitioner submitted a reply affidavit which raised further claims of discriminatory enforcement because individual smokers were not cited for violating the act, and unconstitutional taking because no waivers had been granted to any establishment in the county. None of the contentions has any merit.
Petitioner claims that the Board exceeded its authority by imposing liability on him because his patrons were smoking and he was powerless to stop them. He claims to have complied with the act by posting "no smoking" signs and advising smokers who lit up that they were violating the law (wink, wink). However, this was not a case where customers smoked in violation of the bar owner's good faith effort to stop them and the court declines to reach an issue that is not present. The contention that the $10 per day penalty for unpaid fines is beyond the scope of the statute is not reviewable; the original amount of the fines was escrowed and petitioner has not been compelled to pay the additional $10 per day. The claim that the Board of Health failed to perform a statutory duty is not supported either factually or legally.
Petitioner also contends that the Health Department is selectively enforcing the act by targeting the bar owners rather than the smokers. However, this court is unaware of any authority{**4 Misc 3d at 385} holding that smokers are a protected class for equal protection purposes. In fact, the only case to consider this claim rejected it (see NYC C.L.A.S.H., Inc. v City of New York, 315 F Supp 2d 461 [SD NY 2004]).
Petitioner also claims that he was denied due process. However, petitioner was notified of the allegations of smoking and was given an opportunity to rebut them. The statements were introduced, defendant and others testified, and petitioner was also permitted an appeal. Clearly, the requirements of procedural due process, notice of the charges and an opportunity to be heard (see Matter of McCann v Scaduto, 71 NY2d 164 [1987]) were met. With respect to the second violation, petitioner contends that the Open Meetings Law was violated when the Board of Health deliberated in executive session. However, there was no violation of the Public Officers Law which, by its terms, does not apply to "quasi-judicial proceedings" (see Public Officers Law § 108 [1]; see also Matter of Concerned Citizens Against Crossgates v Town of Guilderland Zoning Bd. of Appeals, 91 AD2d 763 [1982]).
The contention that the Board of Health determination was not supported by substantial evidence is meritless. On August 1, 2003, a Health Department representative mentioned to the bartender that people were smoking in violation of the law. The bartender told the Health Department representative that she would not enforce the smoking ban and threatened the representative. On August 27, 2003, when a deputy sheriff delivered a letter to the premises, the bartender was abusive to the deputy. The deputy also observed several people smoking and using beer cans with the tops removed as ashtrays. On November 8, 2003, a witness observed [*3]not only patrons but the bartender smoking and ashtrays on the bar. Only if there was something other than the tobacco in those cigarettes could anyone reasonably argue that the evidence was insufficient to support the determination. Finally, the court rejects the contention that the act is unconstitutional as implemented.
For all these reasons, the petition is dismissed, with costs.