In the Matter of TILLY LEVY, Appellant, against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents,

(Argued April 16, 1935; decided May 21, 1935.)

*Reginald S. Hardy, Gardiner Conroy* and *Murray Riskin* for appellant.

*Henry F. Cochrane* for T. H. Fraser Mortgage Corporation, respondent.

*Paul Windels, Corporation Counsel (Paxton Blair* of counsel), for Board of Standards and Appeals et al., respondents.

LEHMAN, J. The owner of a vacant lot at the southwest corner of Atlantic avenue and Boerum place in the borough of Brooklyn applied to the Board of Standards and Appeals for permission to erect and maintain a gasoline service station. The premises have a frontage of fifty-seven feet on Atlantic avenue and approximately eighty feet on Boerum place. The rear twenty-five feet of the premises is in an unrestricted district; all the remainder of the premises is in a business district, and under the restrictions imposed by the zoning ordinance no gasoline service station may be erected or maintained there. The Board of Standards and Appeals, after a hearing and personal inspection of the premises, has granted the application for a variation from the general restrictions.

The present owner purchased the premises in 1931. The owner tore down three old buildings then on the premises. The rental which could be obtained from these

buildings was too small to cover repairs, taxes and other carrying charges. Probably it was good business judgment to tear down these buildings. The Board of Standards and Appeals in their return state that a committee of the Board reported that " After a careful survey of the neighborhood, the Committee is of the opinion that the petitioner has justified his basis of hardship, both Atlantic avenue and Boerum place being heavily trafficked streets, with trolley tracks on each street and that a commercial use of this corner would not be good judgment." We assume that the survey by the Board, supplementing the photographs and other evidence produced at the hearing, justify the finding that " a commercial use of this corner would not be good judgment." We assume also that upon this record the Board could find that the most profitable improvement of these premises would be the erection of a gas station. Indeed, it may be that the premises cannot at present be profitably put to any other use. The question remains whether, upon such findings, the Board of Standards and Appeals had power to grant the desired variation.

The Board may act upon its own knowledge of conditions or may make its own survey. " In that event, however, it must set forth in its return the facts known to its members but not otherwise disclosed." (*People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280, 287.) The court will not interfere with the exercise of judgment by the Board where the record discloses a basis for the exercise of judgment, but in the return there must be disclosure of facts upon which a reviewing court can determine that, under the statute, the Board had power to grant a variation and that there was scope for the exercise of such judgment.

The only facts disclosed by this record relate to the conditions in the district where the property is situated. So far as appears, they apply to all pieces of property in the neighborhood which front on Atlantic avenue and

which are subject to the general rules restricting the use of premises in a business district. True, the premises for which a variation of the general restrictions is asked lie partly in an unrestricted district, but it is not shown, and the Board has not found, that this circumstance adds to the hardship under which all the owners of property in that neighborhood, subject to the same restrictions, labor.

A restriction upon the use of property, which excludes not only the most profitable use but also any other use consonant with good judgment, unquestionably causes hardship to an owner. Such a restriction, created by statute or ordinance, may indeed exceed the legislative power of the State and be void. (Cf. *Dowsey* v. *Village of Kensington*, 257 N. Y. 221.) Here, however, the owner does not challenge the validity of the general restrictions created by the zoning ordinance. He asks for dispensation from the letter of such restrictions, otherwise applicable to his property. The zoning ordinance provides that " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done." (New York Code of Ordinances, Appendix B, Amended Building Zone Resolution, § 21.) In this proceeding the owner invokes the exercise of that power. We cannot find in this record facts which bring the owner's application within the scope of that power.

The power to grant in a specific case a variation or dispensation from a provision of a zoning ordinance is subject to express limitations and to limitations clearly implicit in the ordinance. No power has been conferred upon the Board of Standards and Appeals to review the legislative general rules regulating the use of land.

(*Dowsey* v. *Village of Kensington, supra.*) The Board does not exercise legislative powers. It may not determine what restrictions should be imposed upon property in a particular district. It may not review the legislative general rules regulating the use of land. It may not amend such general rules or change the boundaries of the districts where they are applicable. Its function is primarily administrative. It has been intrusted only with power to grant a variation in specific cases where strict enforcement of the letter of the restriction would cause practical difficulties or unneccessary hardship. Even then it may act only where the variation is in harmony with the general intent of the zoning restrictions so that " the public health, safety and general welfare may be secured and substantial justice done." When it acts, " general rules are suspended for the benefit of individual owners, and special privileges established." (*People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280, 290.) That it may do only where the individual owner shows that the restriction causes him a peculiar hardship and that " a special privilege " may be granted for his benefit without injury or injustice to others. (*Matter of Young Women's Hebrew Assn.* v. *Board of Standards & Appeals*, 266 N. Y. 270.) Only where the burden of a general restriction creates a special hardship upon a particular owner, can the grant of a special privilege to him, in truth, promote equal justice. That is not shown here. The Board of Standards and Appeals has granted a variation upon proof and finding of hardship due to general conditions existing in the neighborhood which may call for the exercise of legislative action in amending the rule but from which exemption cannot be granted by an administrative board. Its power is confined to relief in proper case from hardship unnecessarily caused by application of a general restriction to a particular piece of land. It may not destroy the general restriction by piece-meal exemption of pieces of land

equally subject to the hardship created in the restriction, nor arbitrarily grant to an individual a special privilege denied to others.

Relief from general rules which are shown to be unwise by experience or change of conditions must be through appeal to the legislative authority, or in extreme cases where the rule has become confiscatory, by challenge in the courts to the continued validity of the rule. (*Municipal Gas Co.* v. *Public Service Comm.*, 225 N. Y. 89; *Abie State Bank* v. *Bryan*, 282 U. S. 765.) There can be no relief in such case by appeal to an administrative board vested with limited powers.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.