LEWCO OPERATING CORPORATION, Respondent, v. G. H. C. AMUSEMENT CORPORATION, Appellant.— In an action brought to recover damages for breach of contract because of failure of the defendant to surrender certain real estate premises to the plaintiff, order denying defendant's motion to dismiss complaint for want of prosecution and order granting plaintiff's motion for discovery and inspection affirmed, with ten dollars costs and disbursements; the documents, etc., to be produced for inspection at the place designated in the order on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

MORRIS NEINKEN, Respondent, v. SAMUEL BRILL, Appellant.— Order granting motion to open plaintiff's default and to vacate the judgment entered by defendant affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARVERNE BAY CONSTRUCTION COMPANY, Respondent, v. HARRIS H. MURDOCK, as Chairman, BERNARD A. SAVAGE and Others, as Members and Together Constituting the Board of Standards and Appeals of the City of New York, Appellants, and DENTAVE REALTY CORPORATION, Intervenor-Appellant.— Order sustaining certiorari order, annulling the determination of the board of standards and appeals and granting application for a variance reversed on the law and the facts, with costs, certiorari proceeding dismissed, and the determination of the board reinstated and confirmed. In our opinion, it was not only within the discretion of the board but in fact incumbent upon it to refuse to grant a variance in a zone restricted to residences where the intention in creating the zone was manifestly to develop it along residential lines l y reason of its proximity to a boulevard and, further, where the conditions complained of, and particularly the presence of odors emanating from an incinerator and a creek used as an outlet for a sewer, are not peculiar to the site in question but affect a wide area, as shown by petitioner's own witnesses. Under these circumstances there was no showing of unnecessary hardship or practical difficulty applicable peculiarly to the site in question, and relief, if any, should be achieved through appeal to the legislative authority which created the zone. (*Matter of Levy* v. *Bd. of Standards & Appeals*, 267 N. Y. 347.) Hagarty, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., not voting.