MARGARET HOVELL, as Administratrix, etc., of EDGAR THOMAS HOVELL, Deceased, Respondent, v. VICTOR J. DOWLING and THOMAS E. MURRAY, JR., as Receivers of the Interborough Rapid Transit Company, Appellants.— Action to recover damages for the death of plaintiff's intestate, killed by a train of the Interborough Rapid Transit Company, of which defendants are receivers. Judgment in favor of the plaintiff affirmed, with costs. The record on this appeal presents a stronger case in favor of the plaintiff than that which appeared on the prior trial. Carswell, Davis and Johnston, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote for reversal and a new trial on the ground that the verdict of the jury is against the weight of the evidence.

In the Matter of ROSE FRANKEL, Respondent, v. SAMUEL FRANKEL, Appellant.— Appeal from order of the Domestic Relations Court of the City of New York (Family Court), County of Kings, directing the appellant to pay the sum of ten dollars weekly for the support of his wife. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

In the Matter of CLAIRE FRANKEL, Respondent, v. SAMUEL FRANKEL, Appellant.— Appeal from order of the Domestic Relations Court of the City of New York (Family Court), County of Kings, directing the appellant to pay the sum of three dollars and fifty cents weekly for the support of his daughter, who is unable to work and is in danger of becoming a public charge. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston Adel and Taylor, JJ.

In the Matter of the Application of JOSEPH HALPERT, Respondent, v. HARRIS H. MURDOCK and Others, as Members and Together Constituting the Board of Standards and Appeals of the City of New York, Appellants; ISABELLE L. LEPKE, Intervenor, Appellant, and Others, Intervenors.— This is a certiorari proceeding to obtain a variance of the Zoning Ordinance of the City of New York on the ground of unnecessary hardship so as to permit the erection of a gasoline station in a business zone. Final order which confirms the report of the official referee, sustains the certiorari order, annuls the determination of the board of standards and appeals and directs the superintendent of buildings to issue a building permit reversed on the law and the facts, with costs to the board of standards and appeals, certiorari proceeding dismissed and the determination of the board reinstated and confirmed. Appeal from intermediate order of February 4, 1935, dismissed. While petitioner offered proof that the neighborhood is such that it is impracticable to adapt his property to a conforming use, we cannot say on this record that the restriction creates a special hardship upon petitioner. The hardship, if any, is shared by the other property owners. To grant an exemption to petitioner would be unjust to those whose properties remain subject to the same restriction. Under the circumstances it was not only within the discretion of the board but its duty to refuse to grant a variance. (*Matter of Levy* v. *Bd. of Standards & Appeals*, 267 N. Y. 347; *Y. W. H. Assn.* v. *Bd. of Standards & Appeals*, 266 id. 270; *People ex rel. Arseekay Syndicate* v. *Murdock*, 265 id. 158; *People ex rel. Arverne Bay Construction Co.* v. *Murdock*, 247 App. Div. 889; affd., 271 N. Y. 631; *Matter of Ward* v. *Murdock*, 247 App. Div. 808; *Matter of Stillman* v. *Bd. of Standards & Appeals*, 222 id. 19; affd., 247 N. Y. 599.) Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.