In the Matter of the Application of RUBEL CORPORATION, Petitioner, for an Order of Certiorari against HARRIS H. MURDOCK, Chairman, and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, January 26, 1938.

*Jacob A. Freedman,* for the petitioner.

*Paul Windels, Corporation Counsel,* for the respondents.

*Rutherford S. Moorhead,* for the intervenor.

CONWAY, J. Motion for an order confirming report of the official referee. This motion was for a final sustaining the order of certiorari and reversing the determination of the board of standards and appeals. The matter was referred to an official referee to hear and report.

The petitioner seeks the granting of a permit for a gasoline station at the intersection of Utica avenue, Lefferts avenue and East New York avenue. The matter has been twice before this court. In 1934 Mr. Justice DUNNE referred the matter to Hon. CHARLES H. KELBY, referee, to hear and report. The referee recommended the granting of a permit, and this recommendation was confirmed by the Special Term. Upon appeal by respondents the Appellate Division (245 App. Div. 821) said: " Upon the

record before this court and the facts found by the referee, it seems that the petitioner-respondent is entitled to a variance of the Zoning Law and to a permit for the erection and maintenance of a gasoline station on its premises, but in view of the fact that the board of standards and appeals refused to entertain the respondent's application made to it on November 19, 1933, and held no hearing and made no determination of that application upon the merits, and erroneously treated it as an application to reopen a former proceeding by a prior owner of the premises, the order of Special Term, confirming the report of the referee and annulling the determination of the board of standards and appeals, was improperly made."

Following this the petitioner again appeared before the respondent board and relief was again denied. Thereupon a second certiorari came up before Mr. Justice CUFF. In the course of his opinion Judge CUFF stated: " May I add my own observation that I can see no reason why this application was refused even on the incomplete record before me." The matter was, however, sent back to the board for further hearing on the ground that on the previous hearing they refused to consider the evidence found in the printed record on appeal before the Appellate Division. Once again the petitioner appeared before the board of standards and appeals and once again the application was denied. The petitioner then procured this third order of certiorari. After a full hearing the official referee reported that the location of this property is peculiar; that it has never been productive; that its only productive use, taken in connection with the adjoining property, to wit, an ice plant, is a filling station properly constructed and regulated; that the property in question is practically inaccessible, except by way of vehicular traffic; and that any use, conforming or non-conforming, would add to the traffic difficulties at this particular junction. The referee, therefore, recommended the granting of a conditional permit to be coexistent with the ownership and operation of the ice plant, and further recommended that when conditions in the immediate vicinity change and it be found that the entire property may be profitably improved by apartment houses or otherwise, that the permit be canceled and vacated.

The application is based upon section 21 of article 5 of the Building Zone Resolution. The grounds for the application are practical difficulties or unnecessary hardships. The cases cited by respondents are distinguishable.

In *Matter of New York & Richmond Gas Co.* v. *Connell* (242 App. Div. 691) the court said: " We are of opinion that the testimony

taken before the referee failed to establish that the owner could not devote the site to conforming uses without a reasonable financial return, nor did the case, as presented to the board of standards and appeals, show the impracticability of utilizing the site for conforming uses."

Here the referee found that the property involved was not suitable for any conforming use.

In *People ex rel. St. Albans-Springfield Corp.* v. *Connell* (257 N. Y. 73) the court held that the granting of an application for a permit to operate a gasoline station was properly granted when modified by a direction that when circumstances changed by reason of the development of the city and the property became adaptable to conforming business uses, the station should be removed upon the application of any one interested. Here the recommendation of the official referee is to that effect.

In *Matter of Halpert* v. *Murdock* (249 App. Div. 777; affd., 274 N. Y. 523) the court held that proof that the neighborhood was such that it was not practicable to adapt property to a conforming use did not create a special hardship upon the petitioner; that the hardship, if any, was shared by other property owners. That is not so here. The court has found that petitioner's property is uniquely situated and that the hardship which now confronts him is not shared by other property owners in the vicinity.

*Young Women's Hebrew Association* v. *Board of Standards & Appeals* (266 N. Y. 270) lays down the same rule, to wit, that if the loss is caused by the general deterioration of the neighborhood, a variance will not be granted.

Similarly, *Matter of Levy* v. *Board of Standards & Appeals* (267 N. Y. 347) holds that where the only facts disclosed relate to conditions in the district which apply to all pieces of property in the neighborhood, a variation should not be granted. Here, petitioner's property is the only property affected by the condition.

Motion granted and report confirmed, with ten dollars costs. Settle order on notice.