ARVERNE BAY CONSTRUCTION COMPANY, Respondent, *v.* EDWIN H. THATCHER, as Commissioner of Buildings of the Borough of Brooklyn, City of New York, and THE CITY OF NEW YORK, Appellants.

Second Department, February 11, 1938.

*Paxton Blair* [*Paul Windels, Corporation Counsel,* and *Francis J. Bloustein* with him on the brief], for the appellants.

*John P. McGrath,* for the respondent.

CLOSE, J. In 1928 the city of New York constructed Linden boulevard as an arterial highway leading from Prospect Park, Brooklyn, to Sunrise highway in Queens county. The street is approximately 170 feet wide from property line to property line and is divided into three driveways — a central mall and two side drives separated by landscaped strips. At the time the highway was contemplated, a survey and study was made by the borough authorities as to the zoning regulations of the abutting property. Some portions, including the respondent's property, were at that time in the unrestricted area. After such study and survey, an amendment to the Building Zone Resolution, changing all the property abutting the proposed boulevard to " residential," was adopted. In 1935 the respondent applied to the board of standards and appeals for a variance as to the premises involved here, upon the grounds, among others, of unnecessary hardship and practical difficulty. The application was denied. Thereafter an order was made at Special Term, sustaining an order of certiorari, annulling the determination of the board of standards and appeals and granting a variance. Upon appeal to this court the order was reversed and the determination reinstated and confirmed. (*People ex rel. Arverne Bay Construction Co.* v. *Murdock,* 247 App. Div. 889; affd., without opinion, 271 N. Y. 631.) Thereupon this action was brought.

This appeal is from a judgment declaring the amended ordinance unconstitutional upon the grounds that it is an unreasonable exercise of the police power, is confiscatory, and deprives the respondent of its property without due process of law. It must be conceded, upon the undisputed facts in this case, that this property cannot, presently or in the immediate future, be profitably used for residential purposes. But the court cannot for that reason substitute its judgment for the judgment of the zoning authority and set the ordinance aside as beyond the police power of the city legislature.

This district is practically undeveloped. Such development as exists is partially conforming and partially a continuation of a nonconforming use in existence at the time the ordinance was adopted. Zoning cannot look only to the immediate present. It looks backward to protect districts already established and forward to aid the development of new districts, according to a comprehensive plan based upon a theory that what is best for the city as a whole

must prevail over private interests. (*Zahn* v. *Bd. of Public Works*, 195 Cal. 497; 234 P. 388; affd., 274 U. S. 325.)

The question of what is beneficial to the public welfare is a legislative question (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288) and cannot be interfered with by the courts unless the discretion exercised " ' has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense.' " (*Nectow* v. *Cambridge*, 277 U. S. 183, citing *Euclid* v. *Ambler Co.*, 272 id. 395.) Looking at this property from the point of view of the immediate future, we might say that the regulation has no relation to public welfare, health, safety or morals. But such a view would be narrow and provincial. If zoning boards were to take such a view, all regulations would, of necessity, be haphazard and temporary. The position of this respondent is no better nor worse than owners of property on either side of these premises for several city blocks. The boulevard is four miles long. In this particular locality, though not abutting the boulevard, there are concededly many objectionable features, but all are, of necessity, more or less temporary in character except one. All can be controlled by the action of the proper city authorities and their objectionable features ameliorated if not entirely removed. Some were in the process of being removed at the time of the trial. Public demand will compel the operation of the incinerator — the only permanent use that is at present highly objectionable — in such a manner that it will not militate against the development of this boulevard frontage for residential purposes.

The respondent urges that its property is worthless as restricted. It is assessed at a substantial sum and the fact that its value would be increased by removing the restriction is not controlling. (*Matter of Fox Meadow Estates, Inc.*, v. *Culley*, 233 App. Div. 250; affd., 261 N. Y. 506.) It can be admitted that the wisdom exercised by the city legislature is fairly debatable. Nevertheless, if it is fairly debatable, the regulation must be upheld. (*Euclid* v. *Ambler Co.*, *supra*, 388; *Town of Islip* v. *Summers C. & L. Co.*, 257 N. Y. 167.) This is not a case where the property was formerly used for a purpose now forbidden, such as arose in *Matter of Eaton* v. *Sweeny* (257 N. Y. 176). This property has remained undeveloped since it ceased to be used as farm land. In my opinion the regulation will ultimately create a desirable residential community.

The action of the regulating authority indicates that it has taken a long-term view of the situation. It has looked forward to the time when the natural trend of population now residing in congested areas will turn to sections of the city so regulated that sufficient

light, air space, and other essentials of normal living, can be obtained.

In my opinion this regulation is designed to promote the health, welfare, safety and morals of the entire community. Consequently, the incidental present hardship must be borne by the respondent together with other owners similarly situated. The plaintiff's pleadings and proof do not show that it has a remediable grievance. (*People ex rel. Arverne Bay Construction Co.* v. *Murdock, supra.*)

The judgment should be reversed on the law, with costs, the complaint dismissed, with costs, and the findings of fact and conclusions of law reversed.

HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs. Findings of fact and conclusions of law reversed.