Joseph A. Nevins, J.
This is a proceeding under article 78 of the Civil Practice Act instituted by an order to show cause made returnable August 10, 1959, in which the petitioners seek to review the actions and the determination of the Zoning Board of Appeals of the City of Buffalo, New York, and for a final order annulling and setting aside the determination of the board and restraining the respondent George J. Chambers, the Director of Buildings from issuing a building permit to the respondents Carroll Miller, Louis Busso and Francis Par celia, doing business as Sorrento Cheese Co.
The Zoning Board of Appeals on July 8,1959, granted the last-above-named respondents a variation permitting them to enlarge the nonconforming use of their property.
This proceeding relates to real property owned by the aforementioned respondents doing business as Sorrento Cheese Co. The premises involved known as 169 Hollywood Avenue abuts on the south side of the avenue, being the second parcel of property west of Abbott Boad in the City of Buffalo.
*326 On the zoning ordinance map Abbott Boad is designated as “ Cl ” which means a neighborhood business district (§9) while Hollywood Avenue is designated as “ B2 ” which means a dwelling district (§ 5). The answer alleges that the Zoning Board of Appeals in October, 1958 determined that the respondents, Sorrento Cheese Co., were, in using the premises for the manufacture of dairy products, within the 1 ‘ CM ’ ’ classification which means a general commercial district business. Since no reply was filed putting this allegation in issue it is deemed admitted (Civ. Prac. Act, § 1292). But this is not important for this is also a nonconforming use.
It appears from the pleadings before the court that the premises at 169 Hollywood Avenue were used prior to the adoption of the original Zoning Ordinance of the City of Buffalo in 1926 and continuously thereafter until 1949, for a creamery and milk bottling plant by the predecessors in interest of the respondents, Sorrento Cheese Co., who have used the premises for the same purpose since that date. These premises are covered in part by an ell-shaped building in which the manufacturing and processing is carried on.
The respondents, Sorrento Cheese Co., applied to the Division of Buildings Department for a permit to enlarge the building by the construction of an additional structure 70 feet by 23 feet, one story in height which would fill in the area at the ell. The application was made under subdivision 5 of section 18 of the Zoning Ordinance which insofar as material here reads: “ 5. Extensions, enlargements — No non-conforming use shall hereafter be enlarged or extended, except that when authorized by the board of appeals a building containing a non-conforming use may be enlarged to an extent not exceeding 25 percent of the gross floor area of the existing building or buildings devoted to a nonconforming use at the effective date of this amended chapter or at the time of its amendment making such use non-conforming.”
The certified record of the proceedings of the Zoning Board of Appeals shows that the board after having sent out notices, held a'so-called hearing on June 24, 1959, which was attended by the respondents, Sorrento Cheese Co., and several property owners in the immediate vicinity of the premises at 169 Hollywood Avenue. The record shows numerous appearances and the proceedings which consist, almost, entirely of statements and arguments of counsel and statements by some of the members of the board. The statements of counsel would appear like the preliminary statements to a hearing at which witnesses would be sworn and not the hearing evidence itself. None of the individuals whose appearances were noted made any statement *327 except one designated ‘ ‘ Lady ’ ’ whose protests were silenced by counsel for the respondents, Sorrento Cheese Co., with the admonition that she would let her attorney speak for her.
The controversy between counsel related to the question as to whether or not the planned addition to the building for which a variance was sought would exceed 25% of the gross floor area of the existing building devoted to a nonconforming use as prescribed by subdivision 5 of section 18 of the Zoning Ordinance. An examination of the figures shown on the application for the variance and the statements of counsel shows that the dimensions of the proposed addition to the building would not violate subdivision 5 of section 18 of the ordinance.
At the hearing no witnesses were sworn and no proof presented to the board as to the effect the variance, if granted, would have on the living conditions of the property owners in the immediate vicinity though the board purported to find that: — “ The contemplated alterations of the building would reduce the noise * * * in relation to this operation. The
proposed enlargement would not be detrimental to the adjoining property owners.” There is not a single statement in the record whether or not it is considered evidence to support the foregoing findings.
A hearing upon unsworn statements was frowned upon in Matter of Hecht v. Monaghan (307 N. Y. 461, 474) but since no question was raised in that case, as none was here, the statements of counsel will be deemed hearing evidence (see Matter of Gilbert v. Stevens, 284 App. Div. 1016).
Counsel for the objectors, the petitioners here, at the close of the hearing as his third objection to the granting of the variance stated: “ The third is there has been no compliance by this petitioner (Sorrento Cheese Co.) to comply with the provisions set forth by Section 21, F-3, which sets forth how variances can be granted and this hasn’t been done. Also Section 81, Subdivision 4 of the General City Law which also sets forth the limitation.”
Section 21 (F-3) in part reads:
3. Variances in hardship cases — Where there are practical difficulties of unnecessary hardship in the way of carrying out the strict letter of this chapter, the board shall have the power, in passing upon appeals, to vary or modify the application of any of the regulations or provisions of said chapter relating to the use, construction, structural changes in, equipment or alteration of buildings or structures, or the use of land, so that the spirit of said chapter shall be observed, public safety and welfare secured and substantial justice done.
*328 “ The hardship suffered must be a unique and special hardship applying to the premises in question but not applying generally to other premises in the same district. * * * Any relief granted shall be only that reasonably required to effect substantial justice, shall not be arbitrary or discriminatory, and shall be granted with due consideration for its effect on the ultimate development of the district in accord with the zoning map.”
Subdivision 4 of section 81 of the General City Law requires a Zoning Board of Appeals in granting a variance to do so “ so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done.” These requirements were clearly not observed by the board.
Counsel for the respondents, Sorrento Cheese Co., at the hearing said: “ Needless to say, my clients have prospered somewhat, their business .is a little larger, but this isn’t the basic reason to enlarge at this time. ’ ’ Clearly no unnecessary hardship is shown by the foregoing statement. Counsel then states that the Pure Food and Drug Act requires pasteurizing of the mill? and that a 4,000-gallon tank will be required to hold the milk for that purpose. He also states that the building needs enlarging to provide for adequate toilet facilities for the men and women employees which has been suggested by the Board of Health Department. These general statements are inconclusive as evidence of any fact.
There is no evidence as to whether or not the proposed addition to the building and the installation of the large tank for processing of the milk will emit offensive and noxious smells and odors that will permeate the neighborhood to the annoyance and discomfiture of those living in the immediate vicinity. One of the persons at the hearing referred to as “ Lady ” injected the following statement: “ Do we have to keep coming here continuously? Everybody is opposed to it, not just us. We have St. Martin’s Church there. The people smell that stench. There are two schools. It’s wrong. The only thing is to stop it.” To this statement the attorney for the Sorrento Cheese Co. said: ‘ ‘ For the record, I would like to make a suggestion, for the people that are irate I would suggest that Subsection 5 of Section 18 be read to them. Its the law. We are entitled to it. We are entitled to 25%. Its the law.”
The board was not entitled to make default findings unsupported by evidence because the several persons present at the hearing to protest against the granting of the variance did not testify to their objections to the proposed addition to the building. The burden of proof, obviously, was upon the appli *329 cant, the Sorrento Cheese Co., to show that the spirit of the Zoning Ordinance would be observed if the variance was granted and that public safety and welfare secured and substantial justice done. This is held in numerous decisions.
In Matter of Otto v. Steinhilber (282 N. Y. 71) the court said at page 76: “ Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality.”
The same principles of law apply in considering an application for the extension of an established nonconforming use as apply in granting an original variance which are set forth in Matter of Otto v. Steinhilber (supra). This was clearly held in Matter of Crossroads Recreation v. Broz (4 N Y 2d 39, 48) and Matter of Gerling v. Board of Zoning Appeals (6 A D 2d 247). In Matter of Gerling v. Board of Zoning Appeals (supra, [4th Dept., 1958]) the court said at page 250: “ In considering an application for the extension of an established nonconforming use, in Matter of Crossroads Recreation v. Broz (4 N Y 2d 39) the court reiterated the above-quoted portions of the Otto case (supra) and held that all three of the conditions outlined must be shown to obtain such an extension. ’ ’
Clearly the respondents, Sorrento Cheese Co., have neither shown unnecessary hardship if the strict letter of the Zoning Ordinance is carried out, nor have they shown that if the variance were granted the spirit of the ordinance would be observed and that public safety and welfare would be secured and substantial justice done as required by section 21 (F-3) of the Zoning Ordinance. (Matter of Crossroads Recreation v. Broz, supra; Matter of Levy v. Board of Standards & Appeals, 267 N. Y. 347; Matter of Young Womens Hebrew Assn. v. Board of Standards & Appeals, 266 N. Y . 270, 276; Matter of Gerling v. Board of Zoning Appeals, supra; Matter of Rosenbloom v. Crowley, 7 A D 2d 193.)
In Matter of Levy v. Board of Standards & Appeals (supra) the court said in referring to the board at page 353: “ It has been intrusted only with power to grant a variation in specific cases where strict enforcement of the letter of the restriction would cause practical difficulties or unnecessary hardship. Even then it may act only where the variation is in harmony with *330 the general intent of the zoning restrictions so that ‘ the public health, safety and general welfare may be secured and substantial justice done. ’ When it acts, ‘ general rules are suspended for the benefit of individual owners, and special privileges established. ’ (People ex rel. Fordham, M. R. Church v. Walsh, 244 N. Y. 280, 290.) That it may do only where the individual owner shows that the restriction causes him a peculiar hardship and that ‘ a special privilege ’ may be granted for his benefit without injury or injustice to others.” (Emphasis added.)
No such showing was made or attempted to be made by the respondents, Sorrento Cheese Co., in the instant case. In this connection in the case of Matter of Innet v. Liberman (155 N. Y. S. 2d 383 [Sup. Ct., Westchester County, 1956]) the court made the very apposite statement: “If the board knows that there will be no depreciation in value of the neighboring properties, then there has been a failure to disclose the knowledge or the facts that would lead to knowledge ” (p. 390).
The Zoning Board of Appeals should bear in mind the admonitions of the courts in hearing appeals for the extension of nonconforming uses. In Matter of Gerling v. Board of Zoning Appeals (6 A D 2d 247, 252, supra) the court said: “Zoning laws are intended to bring about conformity with a chosen standard. In Matter of Harbison v. City of Buffalo (4 N Y 2d 553, 559-560) the Court of Appeals has very recently said: ‘the policy of zoning embraces the concept of the ultimate elimination of nonconforming uses, and thus the courts favor reasonable restriction of them.’ ”
Since there is no evidence in the record of the hearing before the board in support of certain essentials necessary to the granting of the variance of the nonconforming use sought by the respondents, Sorrento Cheese Co., as indicated above, the determination of the board granting the extension of the nonconforming use is annulled and vacated and set aside.
Prepare order.