In the Matter of JOHN J. GALVIN et al., Respondents, against JOSEPH E. MURPHY et al., Constituting the Zoning Board of Appeals of Buffalo, et al., Appellants.— Order unanimously modified by striking therefrom the last ordering paragraph and matter remitted to the Zoning Board of Appeals for further proceedings in accordance with the memorandum, and as so modified order affirmed, without costs of this appeal to any party. Memorandum: The order of Special Term which annulled the decision of the Zoning Board of Appeals must be modified and the matter remitted to the board for further proceedings in accordance with this memorandum. This annulment, however, is not upon the grounds stated by Special Term. The application was made under subdivision 5 of section 18 of the zoning ordinance which permits a special exception use under certain specified circumstances. Special Term decided the matter as though it were an application for a variance under section 21-F-3 of the ordinance and annulled the determination because the applicants failed to show "hardship". The hardship provisions and the cases that relate thereto, such as *Otto* v. *Steinhilber* (282 N. Y. 71); *Matter of Crossroads Recreation* v. *Broz* (4 N Y 2d 39); and *Matter of Gerling* v. *Board of Zoning Appeals* (6 A D 2d 247) have no application. The special exception requested could be granted by the Zoning Board of Appeals so long as compliance with the section in question was shown and in the exercise of the discretion of the board, not as a matter of right but upon a showing that the special exception would be harmonious with the general purposes of the ordinance and in the public interest. Findings to such effect should have been made if they were appro-

priate. The findings that were made by the board were not factual but were conclusory. Apparently the members of the board relied upon their personal knowledge without stating the facts upon which such personal knowledge was based and for that reason, the question of whether or not the application was properly granted cannot adequately be reviewed on this record (*Matter of Community Synagogue* v. *Bates*, 1 N Y 2d 445; *People ex rel. Fordham Manor Ref. Church* v. *Walsh*, 244 N. Y. 280; *Matter of Holmes & Murphy* v. *Bush*, 6 A D 2d 200; *Matter of Gerling* v. *Board of Zoning Appeals, supra*; *Matter of Gilbert* v. *Stevens*, 284 App. Div. 1016). Furthermore, although informality is permitted in a hearing required by law, as in this case, such hearing should be adequate and all interested persons should have an opportunity to be heard. This hearing was not so conducted. Not only was it informal but the privilege of stating views by neighbors who had received notice in accordance with the ordinance, was generally discouraged and in one specific instance, denied. Furthermore, there was nothing brought out at the hearing even informally to justify some of the conclusions reached by the board unless, as aforesaid, the members of the board relied on their personal knowledge of facts. The hearing was conducted in an atmosphere which seemed to indicate that the board members believed that petitioners were entitled to the permit as a matter of right so long as they did not ask for an enlargement of the nonconforming use beyond 25% of the gross floor area of the existing building. This is not so. The matter should receive careful consideration to determine whether the board should exercise its discretion in favor of the applicant after considering public welfare and the various other appropriate factors involved. The determination may not be arbitrary or capricious. The matter must be remitted for an adequate and proper hearing and for appropriate findings by the board, as to whether or not the application should be granted. (Appeals from order of Erie Special Term annulling a decision of the Zoning Board of Appeals and restraining the City Director of Buildings from issuing a building permit to Sorrento Cheese Co.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ. [21 Misc 2d 324.]