In the Matter of SOCONY MOBIL OIL COMPANY, INC., Petitioner, against TOWN BOARD OF THE TOWN OF ELMIRA et al., Respondents.— The proceedings were transferred to this court to review a determination of the Town Board of Elmira denying the application of the petitioner to erect a gasoline service station at the northeast corner of West Church Street and Coleman Avenue in the Town of Elmira. The petitioner had for many years operated a gasoline service station on the corner of West Church Street and West Water Street directly across West Church Street from the proposed new location, which property was acquired through condemnation proceedings for the public purpose of widening West Church Street. Pursuant to the zoning requirements of the town, a petition was filed for permission to erect a new service station at the proposed location mentioned, which area was classified as "neighborhood business district" and where gasoline service stations could only be built by special approval of the Town Board. As a result of this action, a public hearing was held on December 27, 1957 where the written consent of 40 persons and the written objections of 117 persons living in the vicinity were duly filed, together with various exhibits. Some testimony was taken, after which the board inspected the proposed location and the territory immediately surrounding. There were various filling stations located within the periphery, in fact one of many years standing on the northwest corner of the intersection. The board after due deliberation and having given "consideration of the nature of the surrounding property, hazard to traffic and peril from inflammable materials, danger to pedestrians, motorists and school children, protests from property owners immediately adjacent to and in the vicinity of the property involved and the relation of contemplated use of said property to well-considered plan of community growth" denied the petition. We are unable to agree that the board gave controlling effect to the invalid restrictions set forth in the deed of the property. While there were business locations — including filling stations — in the general locale, there were none within the block with which the petition was concerned and we find the decision of the board was not contrary to the general rule as quoted in Volume 22 of Carmody-Wait, New York Practice, at page 179 as follows: "In the absence of proof of abuse of discretion, bad faith, or unreasonable discrimination, the courts will not interfere with the action of boards or officials acting on applications based on zoning ordinances." This court has recently held in *Barry* v. *Town of Glenville* (9 A D 2d 822) : "Within reasonably debatable areas of judgment and policy the court will not attempt to decide what ought to be done or not done by local zoning authorities. Only where illegality is clearly demonstrated or where the ordinance is arbitrary or discriminatory is judicial interference warranted." If we were to interfere with the decision of the Town Board, we would be assuming to decide a factual issue by the substitution of our judgment for that of the Town Board. Determination confirmed, with $50 costs. Bergan, P. J., Gibson and Herlihy, JJ., concur;

Coon and Reynolds, JJ., dissent, and vote to annul and remit, in the following memorandum: We are unable to agree with the majority opinion. In our view the action of the Town Board upon this record is arbitrary, capricious, discriminatory and unreasonable. The egregious error which is apparent upon a reading of the record is the reliance upon an illegal consideration, i.e., that there was a restriction in the deed of the property owner of the site in question limiting its use for residential purposes. At the top of the petition, signed by vicinity residents filed in opposition to the granting of the special permit in this area of neighborhood business, appeared two paragraphs on the said restrictions: "1. The said premises are restricted as to occupancy for residential purposes only and not for business purposes. * * * 5. The board should take no action on the application until the determination for an action instituted by Mabel Tryon against Albert Moss for the purpose of determining the validity of the restrictive covenants contained in the deed to Mabel F. Tryon." These restrictions of course had nothing whatever to do with the health, safety, morals, and general welfare of the community, and were in addition groundless, being later declared void by this court (8 A D 2d 219). This petition was procured by the opposition who were asserting the invalid restrictions, and the whole background of the matter is permeated with the false premise of this illegal consideration. Additional infirmities in the record herein should be noted. Where the hearing is unsatisfactory, and the evidence nonexistent or very meagre (as herein) and the return contains not facts but general assertions (as herein) it should be sent back for further evidence on the basis of the decision which would be susceptible of court review. (*Matter of Wehr* v. *Crowley*, 8 A D 2d 764; *Matter of Syosset Holding Corp.* v. *Schlimm*, 4 A D 2d 766; *Matter of Gerling* v. *Board of Zoning Appeals*, 6 A D 2d 247; *Matter of Panzer* v. *McConnell*, 6 A D 2d 700.) Where a personal inspection is made by the board, as was made herein, the findings or return must explicitly state the substance of the facts outside the record upon which they have relied (*Matter of Community Synagogue* v. *Bates*, 1 N Y 2d 445, 454; *Matter of Levy* v. *Board of Stds. & Appeals*, 267 N. Y. 347; *People ex rel. Fordham Manor Ref. Church* v. *Walsh*, 244 N. Y. 280; *Matter of Wehr* v. *Crowley*, 6 A D 2d 214). Such a compliance is absent in this record. Where grants of consents to others under similar circumstances and conditions are made, both before and after refusal *as was present herein,* an inference is raised that the refusal was the result of unfair discrimination and oppression. "There are, of course, extreme cases where analogy is so complete where grant of consent under circumstances has been so frequent, *both before and after refusal in one instance,* that inference arises that the refusal is the result of unfair discrimination and oppression. Especially is this true where strong reason is made out for granting the consent. In such case, perhaps, the courts may call upon the dispensing power to rebut such inference." (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 336–337.) (Emphasis supplied.) Strong reason is made out herein for the granting of the permit. In this case within 200 feet of the proposed site the Town Board has granted permits to others before and after the denial to petitioner. The petitioner formerly had a gas station directly across the street and south of the site, within 100 feet of the proposed site. Therefore to refuse a permit on the statements that this particular station constitutes a traffic or fire hazard is patently discriminatory. The Legislature, to protect the individual's property rights, has provided for court review of the decisions of the Board of Appeals or any officer, department, board or bureau of a town by an article 78 proceeding (Town Law, § 267, subds. 7, 10; cf. Civ. Prac. Act, §§ 1295, 1296). Some Town Boards by amendments transferred to themselves (after

having previously granted the power to a board of appeals) the right to issue special permits and then claimed on passing on such permits that their act was a legislative act which could not be reviewed. Such an amendment was passed by this board and such a claim was advanced and denied in the instant case. Further this contention was stricken down authoritatively by the Court of Appeals in *Matter of Rothstein* v. *County Operating Corp.* (6 N Y 2d 728, 729) where the court said, " In making determinations upon applications for special exceptions under the Zoning Ordinance, the Town Board exercises judgment or discretion of a character which is reviewable as to reasonableness in a proceeding under article 78 of the Civil Practice Act ". As was quoted by Chief Judge CONWAY of the Court of Appeals in *Matter of Community Synagogue* v. *Bates* (*supra*, p. 455) " Disclosure is the antidote of partiality and favor." A review of the zoning cases show a tendency upon the part of most courts to lean heavily in favor of decisions of a local board in such matters and in many instances such a course is justified. On reading the reports, however, one gains the conviction that the pendulum should start swinging the other way to some extent, if the courts are to adequately perform their duty of review. A cursory stamp of approval of the act of a town board does not protect the rights of the individual, and encourages discrimination. Many cases reach the courts where the paucity of evidence in the record does not permit an intelligent review, and others where the decision seems unreasonable. The instant case, in our view, is subject to both of these criticisms and should be remitted for further consideration.