In the Matter of C. LOMBARDI BUILDER, INC., Respondent, v. JOSEPH STEIN, as Commissioner of Buildings, et al., Appellants, and BERNARD E. ALORE et al., Intervenors-Respondents-Appellants.— In a proceeding under article 78 CPLR to review and annul determinations made by the respondent Board of Standards and Appeals and for judgment directing the approval of building plans and the issuance of building permits for properties owned by petitioner in Richmond County, respondents, city officials and intervenor-respondents, local residents, appeal from a judgment of the Supreme Court, Richmond County, entered July 27, 1973, which granted the relief sought. Judgment modified, on the law, by striking the last paragraph thereof and substituting instead the following: " Ordered and Adjudged that the respondents within thirty days after service of a copy of this judgment with notice of entry upon the Corporation Counsel, issue to the petitioner the building permit for the proposed construction unless prior to the expiration of said thirty days the City of New York, through its proper agency, shall declare and impose a moratorium on building in the general area of petitioner's real property affected by the storm water flooding conditions which moratorium shall be limited to a period no greater than two years ". As so modified, judgment affirmed, without costs. To the extent that respondents' conduct in denying the permits prevented petitioner from using its property in conformity with the applicable zoning regulations, such constituted a deprivation of property without due process. The sole ground for the denial was the city's own failure to provide adequate sewers. As stated recently by this court, " we cannot permit the city to punish a single landowner, or a few landowners, for its own failings " (*Matter of Belle Harbor Realty Corp.* v. *Kerr,* 43 A D 2d 727, 728). At the same time, however, we cannot permit petitioner to aggravate what clearly appears to be an unhealthy and unsafe condition to the detriment of those living in the surrounding area. Hence the provision for a reasonable moratorium on building on condition that positive action be taken to alleviate the situation (see *Westwood Forest Estates* v. *Village of South Nyack,* 23 N. Y. 424, 428–429). Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.