■ In the Matter of JAMES Fox, Respondent, v CITY OF BUFFALO ZONING BOARD OF APPEALS et al., Appellants.—Judgment and order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to petitioner. Memorandum: Petitioner was given a building permit to erect a permanent 35 foot by 12 foot aluminum trailer for use as a duty-free retail liquor store in Buffalo near the approach to the Peace Bridge to Canada. The Zoning Board of Appeals rescinded the permit, giving five reasons for its determination. Four of the reasons for the board's decision were based on considerations which would be appropriate in a case in which the board was called upon to exercise its discretion on an application for a special exception use (see *Matter of Galvin v Murphy*, 11 AD2d 900) but this is not such a case. The findings of the board contain a statement that the use for which petitioner seeks the permit is within permitted uses under the applicable zoning ordinance. The zoning board is therefore without the power to deny a permit on grounds not expressly stated in the ordinance (3 Anderson American Law of Zoning [2d ed], § 19.19; see, also, *Matter of Lombardi Bldr. v Stein*, 45 AD2d 1008). Inasmuch as a duty-free liquor store is permitted under the ordinance, the zoning board may not deny the petition solely on the basis that more liquor stores in the area are unnecessary or undesirable *(Matter of Pleasant Val. Home Constr. v Van Wagner*, 41 NY2d 1028, 1029). It is clear on the record before us that the petitioner's permit was denied because of community pressure directed against allowing more duty-free liquor stores to be erected in the area, despite the fact that it was zoned for such use. The denial of the permit was therefore impermissible and arbitrary. *(Matter of Pleasant Val. Home Constr., supra,* see, also, *Matter of Tandem Holding Co. v Board of Zoning Appeals of Town of Hempstead*, 43 NY2d 801; *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238.) In addition to such impermissible considerations, the board based its determination on a finding that the proposed structure was not in compliance with a building code requirement that vertical studding measure two inches by four inches. The record indicates that, at the time of applying for the permit, petitioner offered to make a conforming change but was told that it would not be necessary. This ground for the board's denial was not raised at the hearing so that petitioner did not have an opportunity to offer to make the change. The order is therefore modified to allow for petitioner's compliance with the building code, unless such requirement be waived. The judgment and order at Special Term are modified by amending the final ordering paragraph to read as follows: "ORDERED, that Building Permit No. B03881 is hereby reinstated, conditioned upon petitioner's compliance with the Building Code of the City of Buffalo, Chapter XII, Section 117, Par. 14, which provides for the use of two-inch by four-inch vertical studding." (Appeal from judgment and order of Erie Supreme Court—art 78.) Present—Marsh, P. J., Cardamone, Simons, Hancock, Jr., and Denman, JJ.