■ In the Matter of RICHARD GROSSMAN, Appellant, v PLANNING BOARD OF THE TOWN OF COLONIE et al., Respondents.— Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.), entered June 12, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Town of Colonie denying petitioner's application for concept development plan approval.

Petitioner, a shopping center developer, acquired two parcels of real property, totaling 8.4 acres collectively, in the Town of Colonie, Albany County. The land is situated at the intersection of Albany Shaker Road and Wolf Road, two busy thoroughfares. As was required, petitioner submitted a concept development plan to respondent Planning Board of the Town of Colonie (hereinafter respondent) in an effort to secure the necessary building permit for construction thereon of a proposed shopping center, initially approximating 70,000 square feet *(see,* Town of Colonie Code §§ 190-29, 190-30); the site's zoning permits retail commercial development.

The plan was reviewed at respondent's September 18, 1984 meeting and additional information, including more detailed landscaping and drainage concepts, was requested. Revised plans containing this information were made available to respondent at its November 27, 1984 meeting. Decision was again withheld pending review by respondent's engineering

and planning services department (hereinafter engineering department). At this meeting respondent was informed that the proposed shopping center's major tenant would be a home improvement center.

Prior to the next scheduled meeting, held December 18, 1984, the director of the engineering department furnished both respondent and petitioner a memorandum which recommended denial of the application based upon perceived traffic, drainage and landscaping concerns. Petitioner requested, and was granted, an adjournment until January 8, 1985 to allow him an opportunity to review the memorandum with his consultants and the engineering department.

At the January 8, 1985 meeting, another adjournment, this time for eight weeks, was sought to conduct a traffic survey. The adjournment was denied, whereupon petitioner withdrew his application without prejudice to his right to resubmit another plan for approval, which was presented to respondent on May 7, 1985. This concept development plan included downward modifications of the home improvement center's size, increased landscaping, altered ingress to the site from Wolf Road, a traffic impact study and a newly prepared drainage report. Respondent took no action at this time.

Thereafter, at the June 18, 1985 meeting, petitioner was provided with a copy of a memorandum dated June 17 from the engineering department which again recommended rejection of petitioner's application essentially because of what it considered to be significant and inadequately resolved traffic and drainage problems generated by the size of the proposed development. Three more meetings were had during which these concerns were addressed, at the last of which, held September 17, 1985, respondent gave petitioner yet another memorandum prepared by the engineering department again recommending denial of petitioner's application. An adjournment to enable petitioner to respond to the objections raised by the memorandum was denied and respondent voted unanimously to reject the application.

This CPLR article 78 proceeding followed, seeking to annul respondent's determination on the ground, *inter alia,* that its refusal to grant petitioner concept development plan approval was arbitrary and capricious and violated his due process rights. Supreme Court found that the adverse traffic and drainage consequences flowing from petitioner's proposed development, which underlie respondent's determination, were supported by substantial evidence and dismissed the petition. This appeal ensued.

Petitioner's claim that respondent acted arbitrarily and capriciously is premised chiefly on assertions that respondent denied his application because it disapproved of his anchor tenant and that it did not have authority at this stage of the proceedings to review certain design details, specifically those relating to traffic and storm water drainage. The contention that rejection of petitioner's concept development plan was in reality the product of respondent's disaffection with the image associated with petitioner's proposed major tenant is not borne out by the record. Significantly, while respondent was aware that a home improvement center would probably be the major tenant, it was not until *after* respondent had received the engineering department's first memorandum urging denial of petitioner's application because of traffic and landscaping considerations that it learned the tenant's identity.

Respondent member Deborah Botch's expression of concern regarding the potential "supermarket" atmosphere which the primary tenant would create was also made after that memorandum had been circulated. Apart from that, we disagree with petitioner's characterization of Botch's statement as a "startling admission" that petitioner's proposal had been rejected solely on the ground respondent considered the tenant undesirable. The record read in its entirety simply does not support this thesis; nor does the case law relied upon by petitioner, of which *Matter of Fox v City of Buffalo Zoning Bd. of Appeals* (60 AD2d 991) is illustrative, for unlike *Fox* the instant determination was made, not on the purportedly undesirable character of the use contemplated for the site, which would be impermissible and arbitrary, but rather upon traffic and drainage factors *(see, Matter of De Sena v Board of Zoning Appeals of Inc. Vil. of Hempstead,* 45 NY2d 105).

The argument that respondent lacked statutory authority to review design details of the project before concept development plan approval was granted is also unconvincing. Town Law § 274-a enables a town board to authorize a planning board to review and approve site plans. In accordance with this statute, the Town of Colonie invested respondent with this authority (Town of Colonie Code §§ 190-29, 190-30, 190-31). Both Town Law § 274-a and Town of Colonie Code § 190-30 empower the reviewing agency to consider elements impacting upon the safety and general welfare of the affected community.

Here, from its inception, the proposed use raised traffic problems of substance. The area implicated had just recently been the subject of extensive reconstruction undertaken by

the State Department of Transportation in an effort to improve traffic flow and safety conditions, necessitated in part by the high volume of traffic, estimated at over 41,000 vehicles per day, just passing through the intersection of Albany Shaker Road and Wolf Road. Inasmuch as traffic and drainage problems were immediately apparent, and Town of Colonie Code § 190-30 requires a concept development plan to be "flexible", it was not improper for respondent to solicit, as it did, expert and lay opinions bearing on these matters. Given the foregoing, the conclusion ultimately reached by respondent, that any retail development of the magnitude that petitioner envisioned could not be accommodated on the site without detriment to public health, safety and the general welfare, cannot be said to be irrational.

Petitioner's due process claim that he was not granted an opportunity to rebut the engineering department's third memorandum advising rejection of petitioner's application is not persuasive. Throughout these proceedings, the engineering department steadfastly focused on the issues of drainage and traffic and those concerns remained essentially unchanged. Petitioner could not have been unaware of them, for they had been the subject of ongoing discussions between the parties. The mere fact that respondent decided that the hearings should be brought to an end at a time when petitioner still longed to be heard does not, without more, constitute a violation of his rights (see, Matter of Concerned Citizens Against Crossgates v Town of Guilderland Zoning Bd. of Appeals, 91 AD2d 763).

As for the charge that respondent ignored the dictates of Public Officers Law § 103 in that it reached its decision at the August 20, 1985 meeting, from which it is maintained that petitioner was purposely excluded, it suffices that notice of this meeting was given at the August 13 meeting, that respondent declares, without contradiction, that its general notice procedures were followed, and although petitioner did not attend, other members of the public did. Furthermore, if petitioner was in fact excluded, that in and of itself does not contravene the Open Meetings Law in circumstances as here, where respondent acted in a judicial nature (see, Matter of Concerned Citizens Against Crossgates v Town of Guilderland Zoning Bd. of Appeals, supra, p 764).

We have considered petitioner's other arguments and find them lacking in merit.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.