■ In the Matter of Avis SERVICE, INC., Appellant, v JOSEPH N. MONDELLO et al., Respondents. [597 NYS2d 161] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Hempstead, adopted February 6, 1990, which, after a hearing, denied the petitioner's application for a special exception, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered April 15, 1991, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the Town Board of the Town of Hempstead for further proceedings in accordance herewith.

The petitioner is the owner of a parcel of real property located in the Town of Hempstead. A trapezoidal segment of the parcel measuring something over 2,000 square feet is located in a residential zoning district, while the bulk of the parcel lies in a business district. In 1952 the Zoning Board of Appeals granted an application by the petitioner's predecessor-in-interest to extend the business use into the residentially-zoned segment. This permit was granted pursuant to the following provision of the then-applicable zoning ordinance: "Where a district boundary line divides a lot in a single ownership at the effective date of this Ordinance, the Board of Appeals may permit the less restricted use to extend to the entire lot, but not more than fifty (50) feet beyond the boundary line of the district in which such use is authorized" (Town of Hempstead Building Zoning Ordinance of 1952, art 3, § F-1.3).

Contrary to the Board's assertion and the conclusion reached by nisi prius, we find that the 1952 action by the Zoning Board of Appeals did not constitute an improper exercise of legislative powers, nor was the zoning provision under which that action was taken an invalid delegation of such powers. The 50-foot limitation on the Zoning Board of Appeals' extension-of-use authority clearly demonstrates that this delegated power was only intended as a fine-tuning mechanism by which undue hardship to individual landowners could be averted while the general purpose and intent of the ordinance was maintained (see, Matter of Levy v Board of

*Stds. & Appeals,* 267 NY 347, 353; *Van Deusen v Jackson,* 35 AD2d 58, 60, *affd* 28 NY2d 608; *cf., Matter of Giuntini v Aronow,* 92 AD2d 548). Therefore, because a "public garage" is a permitted use in a business zone by special exception, the Town Board improperly denied the petitioner's application without considering its merits. The matter is therefore remitted to the Town Board of the Town of Hempstead for further proceedings in accordance herewith. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.